L. A. Franks et al. v. Caroline Chapman et al.

(Case No. 5460.)

1. Will, signatures of witnesses thereto.— The witnesses to a will each wrote his name where it occurred in the body of the will and in the concluding sentence thereof, as follows: "And now, in the presence of *H. L. Harrison, G. W. M. Duck, W. M. Smith,* who I have requested to act as witnesses, I declare the writing contained in the foregoing ten pages my last will and testament." (Signed) "G. W. Chapman." *Held,* that the signatures of the witnesses were sufficient.

2. Same.— The fact that a county clerk, when called upon by a testator to witness his will, attaches thereto his official certificate of the acknowledgment of the due execution of the will by the testator, does not affect the validity of the clerk's signature to such will, as a witness.

Appeal from Atascosa. Tried below before the Hon. D. P. Marr.

In this case the will concluded as follows:

" And now, in the presence of H. L. Harrison and G. W. M. Duck, W. N. Smith, who I have requested to act as witnesses, I declare the writing contained in the foregoing ten pages my last will and testament. G. W. Chapman."

After the name of G. W. Chapman, the testator, was written the following:

" The State of Texas, }
*County of Atascosa.* }

" Before me, A. G. Martin, county clerk of Atascosa county, personally appeared George W. Chapman, to me well known, who acknowledged to me that he had signed and delivered the foregoing instrument of writing, and he declared the same to be his act and deed for the purposes and considerations therein stated. In testimony whereof I hereunto sign my name and affix the impress of the seal of the county court of said county, at Pleasanton, this 4th day of June, A. D. 1877.

[L. S.] " A. G. Martin,
" Co. Cl'k, Atascosa Co."

The names H. L. Harrison, G. W. M. Duck and W. N. Smith were in a handwriting differing from that in the body of the will, and Harrison, Duck and Smith each, on the trial, testified that they believed that their names respectively in the body of the will were in their handwriting and written by themselves. Smith, however, testified that he was sure there was no writing in the will after his signature when he wrote it — all wrote their names at the request of the testator, G. W. Chapman, and in his presence, who declared that it was his will.

A. G. Martin testified that he knew G. W. Chapman well; that on the 4th of June, 1877, Chapman came to him with the paper offered for probate in this case, in his hand, and declared to witness that it was his will, asking him at the same time to authenticate it; thereupon witness, being the county clerk, took Chapman's acknowledgment of his signature to the paper, attempting at the same time to authenticate it as above shown in Chapman's presence, and signed his (witness') name to the certificate of acknowledgment. The evidence showed that the witnesses were all over fourteen years old, and the testator of sound mind.

*John D. Morrison* and *W. J. Bowen*, for appellants, that the court should not have permitted Harrison, Duck and Smith to testify to their signatures, they not being subscribed to the will, cited: R. S., arts. 4859 and 1847; 24 Tex., 650; 1st ed. of Redf. on Wills, 1st vol., p. 283, chap. 6, par. 5 and 6; id., p. 498, chap. 10, par. 5; id., p. 500, chap. 10, par. 8, 9 and 11; id., p. 596, chap. 10, par. 41; 1 Jarman on Wills, pp. 216, 84.

That Martin's testimony should have been excluded, they cited: Const., sec. 16, Judicial Dept.; R. S., arts. 1789 to 1793; Ferguson *v.* Ferguson, 27 Tex., 339.

That the parol testimony of all four of the witnesses was inadmissible because the will did not show on its face that it was witnessed by any one, citing: Hunt *v.* White, 24 Tex., 643; 1st Tucker's N. Y. Sur. Rep., p. 436; Mann *v.* Mann, 14 Johns., 1; 3rd Bradford's N. Y. Sur. Rep., pp. 30 and 31; 1st ed. Redf. on Wills, vol. 1, p. 225, note 47; id., pp. 205 and 206, note 12; id., p. 498, ¶¶ 5, 6, 7, 8 and 9; id., pp. 570 and 571, ¶¶ 19 and 20; id., pp. 639 and 641, ¶¶ 43 and 44; 1 Jarman on Wills, p. 202, chap. 6, ¶ 1, and p. 204, note 3; 1 Story's Eq. Juris., p. 176, ¶¶ 179, 180 and 180*a*.

*Elias Edmonds*, for appellees.

STAYTON, ASSOCIATE JUSTICE.— On the former appeal of this case, it was held that the district court had jurisdiction, the matter having been sent to the district court on account of the disqualification of the county judge to hear and determine the validity of the probate of the will formerly made in the county court, and also to probate the will if proper proof of its due execution was made, should the former probate for any cause be found invalid. Franks *v.* Chapman, 61 Tex., 576; Const., art. 5, sec. 16.

It was also held that such time had not elapsed as would bar the right to probate a will under the facts existing.

As the court revoked the former probate of the will, and as all the parties in interest, as shown by the appellants themselves, were before the court in this case, it is unimportant whether the proper notice of intention to probate the will was given before it was originally admitted to probate.

The evidence of the witnesses upon whose testimony the will was probated was sufficient to authorize the finding that the paper was duly executed and published by G. W. Chapman as his last will; and it is of no importance that the witnesses who signed the will as such at the request and in the presence of the testator signed their names in the attestation clause, and not after it. 1 Jarman on Wills, 216 *et seq.;* 1 Redfield on Wills, 231 *et seq.;* Washburn on Real Property, 622.

The fact that A. G. Martin, who was the clerk of the county court, when called upon by Chapman to witness the will, attached thereto his official certificate of the acknowledgment of the due execution of the will by the testator, does not affect the validity of his signature to the will as a witness. Murray *v.* Murphy, 39 Miss., 219.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered May 12, 1885.]