## Lillibridge's Estate.

*Wills—Probate—Witnesses—Execution.*

Where an instrument propounded as a will speaks for itself, and by its terms is a testamentary disposition of property, if legal proofs be furnished of its execution, the law will presume that the maker signed it with full understanding, and that he intended it to be his will. It is not necessary that the attesting witnesses should know at the time of the attestation that the instrument is a will; nor is it necessary that the testator himself should have in terms requested them to sign and witness it; nor is it necessary that the paper should have been read to the testator in their presence.

Argued Feb. 24, 1908. Appeal, No. 321, Jan. T., 1907, by Sarah C. Lillibridge, from decree of O. C. Lackawanna Co., sustaining appeal from register of wills in Estate of George Jerome Lillibridge, deceased. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Appeal from register of wills. Before SANDO, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* was in sustaining the appeal from the register of wills.

*William A. Wilcox* and *A. A. Vosburg,* for appellant.— The paper was a will in form, and, therefore, the animus testandi is presumed. In such case, it is only necessary to prove the signing of the will, as this in law constitutes the execution of it: Scott's Estate, 147 Pa. 89 ; Kisecker's Estate, 190 Pa. 476.

It is only where the paper offered for probate as a will, is not a will in form, that parol testimony is necessary of declaration upon the part of the testator that the paper was intended to be his will. In other words, to show the testamentary intent : Scott's Estate, 147 Pa. 89 ; Carson's App., 59 Pa. 493 ; Rice's Estate, 176 Pa. 298 ; Comb's App., 105 Pa. 155 ; Schouler on Wills (2d ed.), p. 344, sec. 326 ; 1 Jarman on Wills, 80 and 81 ; Dean v. Dean, 27 Vt. 746 ; Kisecker's Est., 190 Pa. 476.

*S. B. Price* and *Joseph O'Brien*, of *O'Brien & Kelley*, with them *Willard Warren & Knapp* and *Thos. F. Wells*, for appellee, cited : Hock v. Hock, 6 S. & R. 47.

OPINION BY MR. JUSTICE STEWART, April 20, 1908:

The paper propounded as the last will of George Jerome Lillibridge is upon its face a last will and testament. It so purports and is susceptible of no other meaning. The execution of the instrument by George Jerome Lillibridge is attested by two subscribing witnesses, both of whom testified before the register that they saw the testator sign his name to the instrument. The register on this state of facts very properly admitted the will to probate. On appeal from his decree, the learned judge of the orphans' court set aside the probate, on the ground, that upon the hearing on the appeal it was made to appear that neither attesting witnesses knew, at the time they attested the execution, that the instrument was a will ; that the paper was not read to the testator in their presence, and that the testator himself had not in terms requested them to sign as witnesses. Neither of these things was essential to the proof of execution. Where an instrument speaks for itself, and by its terms is a testamentary disposition of property, if legal proofs be furnished of its execution, the law will presume that the maker signed it understandingly, and that he intended it to be his will. We so held in Kisecker's Estate, 190 Pa. 476, distinguishing between the cases where the instrument was of doubtful purport and those where it was clearly and manifestly of testamentary character. The ruling there was in exact accord with all our cases. We have uniformly held that the necessity for two subscribing witnesses relates only to the formal execution of the paper ; and we have just as uniformly held that where the instrument is in terms a will, it is wholly immaterial that the witnesses did not know that the paper was a will, or were without knowledge that it had ever been read to the testator. It is quite as immaterial here that they signed as witnesses without having been specifically requested to do so by the testator. Many a will has been executed with formal attestation when the testator was so enfeebled that it was beyond his power to express any such request ; but never has one been refused pro-

bate for any such reason. Both these witnesses say that their attestation was in the presence of the testator. The law will presume that it was with his knowledge and approval. It was error to set aside the probate in this case. On the appeal from the probate there was a request for an issue devisavit vel non to determine questions of testamentary capacity and undue influence. The court having set aside the probate, this matter was not considered. In reversing the decree, we do so without prejudice to the right of the appellants from the decree of probate, to renew their application for an issue.

Decree reversed at the costs of the appellants.