**SAATHOFF et al. v. SAATHOFF et al.**

No. 9904.

Court of Civil Appeals of Texas. San Antonio.

Jan. 13, 1937.

Rehearing Denied Feb. 24, 1937.

L. J. Brucks, of Hondo, and Morriss & Morriss, of San Antonio, for appellants.

D. H. Fly, of Hondo, and Dielmann & Brooks, of San Antonio, for appellees.

MURRAY, Justice.

This is an appeal from a judgment establishing and probating, as the last will and testament of Ehme Saathoff, the following instrument:

"The State of Texas,
"County of Medina.

"Personally appeared before me, the undersigned authority, Ehme Saathoff, who after being by me duly sworn on oath states:

"That I have made and wish the following advancements to be made to my children as follows:

"1. To my daughter Anna, (wife of Willie Nietenhoefer) has already received Five Hundred Dollars oil lease rents to which I was entitled.

"2. To my son, Albert Saathoff, has received Fifty acres of land and no money.

"3. My step-son, Albert Scharf has received Two Hundred Dollars cash as an advancement and shall receive Fifty acres of land after my death.

"4. My daughter Christine (now wife of Hugo Saathoff) shall receive Five Hundred Dollars cash after my death as an advancement.

"5. My daughter Olga (wife of Robert Nietenhoefer) shall receive Five Hundred Dollars cash after my death as an advancement.

"6. My son, Rolf Saathoff, shall receive Fifty acres of land after my death.

"7. My son, Alfred Saathoff, shall receive Fifty acres of land after my death.

"8. My daughter, Ida Mae Saathoff shall receive Five Hundred Dollars in cash after my death as an advancement.

"9. My son, Ehme Saathoff shall receive Fifty acres of land after my death.

"10. My son, Mathes Saathoff, shall receive Fifty acres of land after my death.

"After the above payments and partitions, then all my remaining property shall be divided share and share alike to each of the above mentioned ten children.

"This instrument is made to show what has been done and also what I wish done:

after my death and to be used as a guide in the partition of my estate.

"Witness my hand at Hondo, Texas, this the 15th day of January, A. D. 1932.

his
"Ehme X Saathoff
"Irene Haass . mark
"Witness

"Sworn to and subscribed before me, this the 15th day of January, A. D. 1932. Witness my hand and seal of office at Hondo, Texas.

"H. E. Haass
"[Seal] Notary Public, Medina County, Texas.

"The State of Texas,
"County of Medina.

"Before me, the undersigned authority, on this day personally appeared, Ehme Saathoff, who signs by making his mark being unable to write on account of loss of right hand, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

"Given under my hand and seal of office at Hondo, Texas, this 15th day of January, A. D. 1932.

"H. E. Haass
"[Seal] Notary Public, Medina County, Texas."

The execution of the instrument was established by one witness, H. E. Haass, an attorney of Hondo, Medina county.

He testified in substance that Ehme Saathoff, a man whom he had known for many years, and for whom he had done some legal work, came to him and asked him to prepare an affidavit. On learning what Saathoff wanted in the affidavit Haass advised him to execute a will, but Saathoff stated that he did not want to make a will but an affidavit; that his wife did not want to make a will, so he did not want to make a will. He wanted to make an affidavit to show what advancements he had made, and what he wanted to do with his property after his death. The affidavit, as above set out, was prepared and signed by Saathoff by making his mark. Miss Irene Haass, daughter of H. E. Haass, witnessed this signature, and then H. E. Haass took Saathoff's acknowledgment to the instrument, signing the same as notary public of Medina county.

Some two or three weeks later Saathoff came back and asked that certain interlineations be made in the affidavit. Haass then told him that he had better make a will instead of having the interlineations made, but Saathoff replied that he did not care to make a will; whereupon, Haass advised him that the affidavit might be construed to be a will, to which Saathoff replied he did not care.

The trial court submitted the following issue to the jury:

"Special Issue No. 1: Do you find from a preponderance of the evidence that Ehme Saathoff, at the time he executed the instrument in evidence executed by him January 15th, 1932, as it was at the time it was executed, intended by said instrument to make disposition of his property, to take effect after his death, unless he should revoke the same? Answer 'yes' or 'no.'" To which the jury answered, "Yes."

Based upon the verdict of the jury, judgment was entered establishing the affidavit as the last will and testament of Ehme Saathoff and admitting it to probate, from which judgment the contestants have appealed.

The evidence is undisputed and establishes the fact that Saathoff executed this instrument with the serious intention that it should be carried out as written. There is no intimation that he executed it through fraud or mistake, or for some other purpose than that expressed in the instrument itself. The oral testimony shows that he wanted it in the form of an affidavit and not in the form of a will.

The affidavit is unambiguous and is clearly testamentary in its character. It makes certain special bequests and then proceeds to dispose of the maker's entire estate. It concludes with the following statement: "This instrument is made to show what has been done and also what I wish done after my death and to be used as a guide in the partition of my estate."

This statement in no way destroys or weakens such statement in the body of the instrument, as "My son, Ehme Saathoff, shall receive Fifty acres of land after my death," but, on the contrary, when read in connection with the body of the instrument, it emphasizes the fact that the entire instrument is testamentary in its character.

912

■ The instrument was executed under all the formalities and solemnities required by article 8283, R.S.1925, to make it a valid will. The fact that Miss Irene Haass signed as a witness to Saathoff's signature, because he signed by mark, and H. E. Haass signed as a notary public does not affect the fact that the instrument was witnessed by two persons of the age of fourteen years, as required by law. Keely v. Moore, 196 U.S. 38, 25 S.Ct. 169, 49 L.Ed. 376; Davis v. Davis (Tex. Civ.App.) 45 S.W.(2d) 240; Tilton v. Daniels, 79 N.H. 368, 109 A. 145, 8 A. L.R. 1073; Bolton v. Bolton, 107 Miss. 84, 64 So. 967; Payne v. Payne, 54 Ark. 415, 16 S.W. 1; Franks v. Chapman, 64 Tex. 159, 161.

■ The fact that Saathoff did not call the instrument a will or did not know that it was a will does not defeat the plain and unambiguous language used in the instrument. Merrill v. Boal, 47 R.I. 274, 132 A. 721, 45 A.L.R. 830; Heaston v. Krieg, 167 Ind. 101, 77 N.E. 805, 119 Am.

St.Rep. 475; Williams on Executors p. 79; Grisgby's Legatees v. Willis' Estate, 25 Tex.Civ.App. 1, 59 S.W. 574; In re Lillibridge's Estate, 221 Pa. 5, 69 A. 1121, 128 Am.St.Rep. 723.

■ In the last-cited case the court holds: "If an instrument speaks for itself and is by its terms a testamentary disposition of property, the law will presume that the maker signed it understanding and intending it as his will, if legal proof is furnished of its execution."

■ The evidence being undisputed and clearly showing the facts as above set out, the trial judge should have granted proponents' motion for an instructed verdict and rendered judgment admitting the instrument to probate, without submitting any question of fact to the jury; therefore, the assignments with reference to the objections to the charge and the alleged misconduct of the jury become immaterial.

Accordingly, the judgment will be in all things affirmed.