**Mildred J. REAGAN, Appellant,**

v.

**Mary Louise BAILEY, et al., Appellees.**

No. 18527.

Court of Appeals of Texas, Fort Worth.

Dec. 17, 1981.

Rehearing Denied Jan. 14, 1982.

Prothro & Sellers, Lee Sellers, Wichita Falls, for appellant.

Sanders, Masters, Watson & Brown, Marvin H. Brown, Wichita Falls, for appellees.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

OPINION

SPURLOCK, Justice.

A will and codicil were admitted to probate. Subsequently, Mildred Reagan filed a suit to set aside the probate of the codicil on the single ground that the codicil was not properly executed. Each party moved for summary judgment. The court rendered summary judgment for the defendants.

We affirm.

One of the witnesses was a notary public who took an acknowledgement to the codicil. It is contended that this did not satisfy the requirement that the witness sign as a witness.

The will left all of the testatrix' estate in equal shares to her five daughters and appointed two of her daughters, Mary Louise Bailey and Robbie Bell Crawford, as independent executrices. The codicil to the will provided that the share devised to Mildred Juanice Reagan would be held in trust by the executrices as trustees with absolute discretion on how to handle the funds.

After the will and codicil were admitted to probate Mildred Reagan, (hereinafter referred to as contestant), brought suit against the trustees, (hereinafter referred to as proponents), to set aside the probate of the codicil. The sole question before us is whether the codicil was properly executed.

On the day the codicil was signed, Jimmy P. Horany, an attorney, and Jimmy M. Kouri, a notary public, went to the home of the testatrix for the purpose of obtaining the execution of a right-of-way easement from the testatrix. The easement was obtained and Kouri served as notary public. After this business was concluded, the testatrix produced the codicil and told them what it was and requested they witness it. The codicil stated "That I, MABLE K. WARREN, do hereby wish to make this a codicil to my last will and testament made March 23, 1973, and properly executed." The testatrix declared the instrument to be a codicil to her will. She signed the codicil in the presence of Horany and Kouri, and they signed it in her presence and in the presence of each other. The instrument provided no lines for the signatures of witnesses. Jimmy P. Horany signed the instrument to the left of testatrix's signature and underneath his signature he wrote in the word "witness". Jimmy M. Kouri signed the document using the acknowledgement form provided in the instrument.

Part of the language contained in the acknowledgement stated that "on this day personally appeared MABEL K. WARREN, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and considerations herein expressed."

The acknowledgement attests to the fact that testatrix executed the codicil "for the purposes and considerations herein expressed." The purpose expressed in the opening statement in the codicil was that testatrix wished to make this a codicil to her last will and testament.

The contestant contends that Kouri was not a witness, but was only a notary public which was further evidenced by the fact that he used his notary seal. Contestant cites cases in support of the argument in will cases involving self-proving affidavits. It is our opinion that those cases are not authority in this case.

Tex.Prob.Code Ann. section 59 (1980) provides in pertinent part that the will must be in writing, signed by testator, and, if not holographic, shall be attested by two credible witnesses. The section further provides that at the time of its execution "*or at any subsequent date* during the lifetime of the testator and the witnesses, [such will may] be made self-proved, and the testimony of the witnesses in the probate thereof may be made unnecessary by the affidavits of the testator and the attesting witnesses, made before an officer authorized to take acknowledgments to deeds of conveyance and to *administer oaths* under the laws of this State." It is obvious from the above language that the self-proving affidavit to a will may be made long after the will was signed and is in effect, and it does not affect the validity of a will except to facilitate the proof. It is simply sworn testimony of the testatrix and witnesses made before the death of any of them.

The cases cited by proponents each deal with the sufficiency of a self-proving affidavit. Those cases are not applicable under the facts before us.

The law of this State supports the approval for probate of this codicil. The Supreme Court of Texas in *Franks, et al. v. Chapman, et al,* 64 Tex. 159, 161 (Tex.1885) approved the probate of such a testamentary instrument holding:

"The fact that A. G. Martin, who was the clerk of the county .court, when called

upon by Chapman to witness the will, attached thereto his official certificate of the acknowledgment of the due execution of the will by the testator, does not affect the validity of his signature of the will as a witness."

Similarly the Court of Civil Appeals in *Saathoff, et al. v. Saathoff, et al.,* 101 S.W.2d 910 (Tex.Civ.App.—San Antonio 1937, writ ref'd.) held:

"The fact that . . . H. E. Haass signed as a notary public does not affect the fact that the instrument was witnessed . . . as required by law."

See also *Mossler v. Johnson,* 565 S.W.2d 952 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.).

We hold that the codicil was properly admitted to probate and affirm the judgment of the trial court.