NUMBER 13-01-133-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_____________________________________________________________________



ESTATE OF RONALD CURTIS TEAL, DECEASED


_____________________________________________________________________


On appeal from the County Court at Law No. 1 of Nueces County, Texas.

_____________________________________________________________________



O P I N I O N

Before Justices Dorsey, Yañez, and Castillo

Opinion by Justice Yañez



This appeal is brought to challenge the admission of the will of Ronald Teal to probate. We affirm.

Background

On August 4, 1987, Ronald Teal signed the will at issue in this appeal. In 1990, Teal married appellant, and he remained
married to her until his death in October, 1999. Appellant was in California at the time of Teal's death, and when she
arrived at Teal's home several days later, the proponent of the will and several other people were already at Teal's residence,
sorting and boxing his property for storage. (1) The will was not found in the initial search, but was discovered some time
later by the proponent of the will. On February 22, 2000, the proponent filed an application for probate of the will, which
was contested by the appellant. Following a bench trial, the will was admitted to probate. Appellant challenges the
judgment of the trial court with six issues, contending that the trial court erred in: (1) admitting the will to probate; (2)
awarding $8,000 in expenses and fees to the executor of the will; and (3) the manner in which the fees were paid to the
executor. Appellant further contends that the trial judge should be recused from hearing any of the matters still pending in
this case.

In her first issue, appellant argues that the will is void on its face because it lacks the statutory requisites of a will; the
proponent failed to prove that the will was attested to by two witnesses; the proponent failed to prove the will as required
by Texas law; the will was not executed with the requisite formalities and solemnities; and finally, the proponent failed to
meet the burden of proving the will had not been revoked. We will address this issue by first discussing the will, then we
will examine those requirements of a will under Texas law which are relevant to this case.

The Will

The instrument in dispute is a two-page, type-written document drafted by the deceased, dated August 4, 1987. The front
of the first page and front of the second page set out the testator's disposition of his property. At the bottom of the second
page is the following statement:

The foregoing instrument consisting of two (2) pages, including this page, was signed, sealed, published, and declared by
Ronald Curtis Teal as his Last Will and Testament, in the presence of witnesses, who at his request and in his presence and
in the presnece [sic] of one another, subscribe our names, hereto as witnesses on the date hereof; and we declare that at the
time of the execution of this instrument, Ronald Curtis Teal, according to best knowledge and belief, was of sound and
disposing mind and memory and under no constraint. 

The will contains no designated lines for witnesses; however, beneath this provision is the signature of Maria H. Anzaldua,
a notary public. Anzaldua also sealed the will with her notary seal. On the back of the second page of the document are
two signatures, with the word "witness" hand-printed beneath each. There is nothing written on the back of the first page. 
One signature is illegible, the other appears to read "Jane Martinez."

Will Requirements

Under Texas law, a will must: 

be in writing (2) and signed by the testator in person or by another person for him by his direction and in his presence, and
shall, if not wholly in the handwriting of the testator, be attested by two or more credible witnesses above the age of
fourteen years who shall subscribe their names thereto in their own handwriting in the presence of the testator.

Tex. Prob. Code Ann. § 59(a) (Vernon Supp. 2002). There is no requirement that a will be notarized. See id. If a will is
not self-proved, an attested will may be proved by the sworn testimony or affidavit of one or more of the subscribing
witnesses, taken in open court. Tex. Prob. Code Ann. § 84(b) (Vernon 1980). (3) The proponent of a will must also prove
that the will was not revoked. Tex. Prob. Code Ann. § 88(b)(3) (Vernon 1980).

At the trial, the will proponent produced testimony showing that he had been unable to locate either of the two people
whose signatures are found on the back of the second page of the document. The proponent argued Anzaldua had acted as
a subscribing witness, and produced her in that capacity. Appellant argues that Anzaldua was not a subscribing witness,
and further, that she was "not credible." Thus, this Court must answer the question: can a notary, who did not intend to
sign the will in the capacity of subscribing witness, serve as a witness for the purposes of proving a will? (4) To answer this
question, we must consider the role of a witness to a will, and determine if Anzaldua served in that role.

The Role of the Will Witness

A witness to a will serves to prove the will was executed with the formalities and solemnities and under the circumstances
required to make the will valid. See Tex. Prob. Code Ann. § 84(b) (Vernon 1980). To prove a will requires the sworn
testimony or affidavit of one or more of the subscribing witnesses. Tex. Prob. Code Ann. § 84(b)(1) (Vernon 1980). The
witness must testify in court, or by affidavit, that the testator declared that the instrument was his last will and testament,
that he had willingly and freely made and executed the instrument, that he was over eighteen years old, and that he was of
sound mind and body. See Tex. Prob. Code Ann. § 59(a) (Vernon Supp. 2002) (setting out necessary contents for an
affidavit to prove will without testimony of witness in open court). (5) The witnesses must sign their names in the testator's
presence. Id.; Jones v. Whitely, 533 S.W.2d 881, 883 (Tex. App.-Fort Worth 1976, writ ref'd, n.r.e.). However, there is no
requirement that the testator sign the instrument in the presence of the witnesses. See Tex. Prob. Code Ann. § 59(a)
(Vernon Supp. 2002); Jones, 533 S.W.2d at 883.

We will now examine Anzaldua's involvement in the execution of Teal's will to determine if she fulfilled the role of a
witness.

Anzaldua's Testimony

Anzaldua was familiar with Teal because he had been her teacher when she graduated from high school. Before he brought
his will to her, Teal briefly visited Anzaldua and discussed having a will made. (6) Anzaldua was unable to type the will at
that time, and advised Teal that he should "go through a lawyer" to have his will prepared; however, Teal did not want to
have his will drafted by an attorney. Teal returned to Anzaldua's home on August 4, 1987, about two weeks after their first
meeting, with the will now in dispute. Teal brought two people with him, both of whom were older than Anzaldua, who
graduated from high school in 1971. Teal and the two other people signed the document in front of Anzaldua, who then
signed it herself. Anzaldua stated that she had recorded the names of the two other people in her notary log, but that she
had since discarded her notary records. (7) Anzaldua testified that she asked Teal some questions about his will, which
confirmed that he was familiar with the contents of the will, knew "who he was leaving everything to," and was signing it
of his own free will. To Anzaldua's knowledge, Teal never revoked the will.

On cross-examination, Anzaldua stated that she signed the will "to witness to the signature on the will," not as "a
subscribing witness." She also stated that a notary's function is only to acknowledge that the people signing a document
were actually present and did, in fact, sign the document. Anzaldua testified that she asked Teal if he was certain the will
reflected his desired disposition of his estate and further asked him, "What if you decide to remarry some day?" Teal
replied that, should he remarry, "the will will stand." (8) 

Anzaldua's Role in the Execution of the Will

We now hold that, under the facts in this case, the notary, although she did not intend to sign as a subscribing witness, did
in fact serve as a subscribing witness. She spoke to the testator, ascertained that he was of sound mind and body, was
aware of the contents of the will and was executing it of his own free will. She signed the will in the presence of the
testator. Because there is no requirement that a will be notarized, Anzaldua's signature served no purpose other than as a
witness. Her actions, in questioning the testator about his intentions and the contents of the will are more consistent with
the actions of a witness, than with the actions of a notary public. See Tex. Gov't Code Ann. §§406.014, 406.016 (Vernon
1998 & Supp. 2002) (setting out actions for which a notary public has authority and recording requirements). Under the
facts of this case, Anzaldua served as a witness.

This ruling is consistent with that of the San Antonio Court of Appeals in Saathoff v. Saathoff, 101 S.W.2d 910, 912 (Tex.
Civ. App.-San Antonio 1937, writ ref'd). In Saathoff, the testator executed an affidavit, rather than making a will. Id. at
911. The affidavit was testamentary in nature, and was signed by a witness as well as the attorney who prepared the
affidavit, who signed as a notary public. Id. The San Antonio court held that the affidavit was in fact a will, and the
attorney, although he signed as a notary public, was a witness to the will as required by law. Id. at 912.

Having determined that Anzaldua was a witness to Teal's will, we now address the remaining contentions in appellant's
first issue.

Appellant's Remaining Challenges to the Will

Was the will executed with the requisite formalities and solemnities? The will at issue is in writing, was signed by the
testator, and was attested to by three witnesses above the age of fourteen (9) who subscribed their names to the will in the
presence of the testator. Thus, the will was executed with the requisite formalities and solemnities under Texas law. See
Tex. Prob. Code Ann. § 59(a) (Vernon Supp. 2002).

Was the will proved as required by Texas law? Although a will must be witnessed by at least two witnesses, only one
subscribing witness must testify. Tex. Prob. Code Ann. § 84(b)(1) (Vernon 1980). Anzaldua's testimony was sufficient to
prove the will because, as discussed above, she served as a subscribing witness to the will. Appellant argues that Anzaldua
was not a credible witness and therefore her testimony should be disregarded. The trier of fact is the sole judge of a
witness's credibility and the weight to be given their testimony. Mohnke v. Greenwood, 915 S.W.2d 585, 589-90 (Tex.
App.-Houston [14th Dist.] 1996, no writ). The trial court implicitly found Anzaldua to be credible and we will not
question that finding. Further, when a will provides no pecuniary benefit to the witness, the will itself constitutes evidence
that the witness was credible to attest to the will at the time the will was executed. Triestman v. Kilgore, 838 S.W.2d 547
(Tex. 1992). The will in the instant case includes no pecuniary benefit to Anzaldua.

Was the will revoked? Finally, the proponent of the will met his burden of proving the will had not been revoked. See
Tex. Prob. Code Ann. § 88(3) (Vernon 1980) (to obtain probate of a will, proponent must prove will was not revoked). 
Once a proponent has proven that a will is otherwise valid and was executed with the requisite formalities and solemnities,
a rebuttable "presumption of continuity" arises and, absent evidence of revocation, the will proponent need not produce
direct evidence of non-revocation. Harkins v. Crews, 907 S.W.2d 51, 59 (Tex. App.-San Antonio 1995, writ denied); In re
Estate of Page, 544 S.W.2d 757, 760 (Tex. Civ. App.-Corpus Christi 1976, writ ref'd n.r.e.). The testimony of a witness
that, to her knowledge or belief, the testator did not revoke the will is sufficient evidence of non-revocation to support
probate of the will. Bryant v. Hamlin, 373 S.W.2d 837, 840 (Tex. Civ. App.-Dallas 1964, writ ref'd n.r.e). The record
contains no evidence of revocation. Anzaldua testified that, to her knowledge, Teal never revoked the will.

Appellant argues that a marriage subsequent to the execution of a will raises a presumption that prior wills are revoked,
unless the beneficiaries of the will would have inherited notwithstanding the marriage. It has long been recognized that, in
Texas, the statutory method of revoking a will is exclusive. Morris v. Morris, 642 S.W.2d 448, 449 (Tex.1982) (citing
Morgan v. Davenport, 60 Tex. 230, 237 (Tex. 1883)). A subsequent marriage does not revoke a will. Tex. Prob. Code
Ann. § 63 (Vernon 1980).

We overrule appellant's first issue.

Appellant's Remaining Issues

In her second and third issues, appellant challenges the award of $8,000 to the executor of the will for expenses and
attorneys fees. In her fourth issue, appellant argues that the trial court erred in allowing the $8,000 to be withdrawn from
the "Estate Safe Guard Account" without "a further specific order regarding such account." In her fifth and sixth issues,
appellant argues that Judge Robert Vargas erred by refusing to recuse himself "as to the pending probate matters after the
WILL was admitted." In her sixth issue, appellant argues that the trial court that heard the motion to recuse erred by failing
to recuse Judge Vargas for all pending matters. We hold that appellant does not have standing to raise these issues.

Standing

A person must have an interest in an estate to bring a suit protecting an interest in the estate. See Oldham v. Keaton, 597
S.W.2d 938, 943-44 (Tex. Civ. App.-Texarkana 1980, writ ref'd n.r.e.) (assignees of a remainder interest in an estate had
standing because they had an interest in the estate). A party must show that its interest has been prejudiced to have
standing to appeal. Gorman v. Gorman, 966 S.W.2d 858, 864 (Tex. App.-Houston [1st Dist.] 1998, pet. denied). The
appellant bears the burden of making a prima facie showing of prejudice. Id. An appealing party may not complain of
errors that do not affect its rights. Texas Workers' Comp. Ins. Fund v. Mandlbauer, 988 S.W.2d 750, 752 (Tex. 1999). 
Standing is a question of law for the court to determine. Krishnan v. Ramirez, 42 S.W.3d 205, 222 (Tex. App.-Corpus
Christi 2001, pet. filed). Standing is a component of subject matter jurisdiction and cannot be waived. Texas Ass'n of Bus.
v. Air Control Bd., 852 S.W.2d 440, 445-46 (Tex. 1993).

Appellant is not a devisee under the will. Therefore, she has no interest in the estate of which the will disposes. Because
she has no interest in the estate, appellant has no interest which has been prejudiced by the court's decisions affecting the
disposition of the estate. Without an interest in the estate, appellant lacks standing to challenge the disposition of the
estate. Similarly, she is not prejudiced by the fact that Judge Vargas was not recused. Because we hold that appellant does
not have standing to challenge the will disposition, we dismiss her issues challenging the distribution of funds from the
estate, and her issues challenging the denial of her motion to recuse Judge Vargas on all pending matters pertaining to the
administration of the will.

The judgment of the trial court is AFFIRMED.

 

LINDA REYNA YAÑEZ

Justice



Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

28th day of March, 2002.

1. The will was offered for probate by Fred Reuter, who is listed as alternate executor. The original executor resigned. 
Reuter had been a long-time friend of the deceased.

2. Because this case deals with a written document, we do not discuss the requirements of nuncupative wills.

3. A will can be made self-proved, thus avoiding the need for the witnesses to testify in the probating of the will, by having
the testator and witnesses sign a "self-proving affidavit" before "an officer authorized to administer oaths under the laws of
this State." Tex. Prob. Code Ann. § 59(a) (Vernon Supp. 2002). The will in the instant case was not self-proved.

4. The Fort Worth Court of Appeals has held that, when a notary signs a will as a subscribing witness, the fact that the
notary also affixed his seal to the will does not affect the validity of the signature as that of a witness. Reagan v. Bailey,
626 S.W.2d 141, 142-43 (Tex. App.-Fort Worth 1981 writ ref'd n.r.e). The case now before this Court differs from Reagan
because the notary in the instant case believed that she was signing solely as a notary. 

5. The purpose of a self-proving affidavit is to eliminate the need for the witness to testify in court. Tex. Prob. Code Ann. §
59(a) (Vernon Supp. 2002). Therefore, the contents of the affidavit, as prescribed by section 59, are instructive as to the
testimony of a witness necessary to prove a will. 

6. Anzaldua had not seen Teal since her graduation from high school. Apparently Teal came to her because she had a sign
advertising her services as a notary at her home; it was only upon meeting her to discuss his will that they recognized one
another from Teal's teaching career. 

7. Anzaldua stated that she hadn't been a notary "in a long, long time" and had discarded her records approximately a year
before the trial.

8. These statements were admitted without objection by either party and thus are probative evidence. Tex. R. Evid. 802;
Texas Commerce Bank, Nat'l Ass'n v. New, 3 S.W.3d 515, 517 (Tex. 1999).

9. Anzaldua was over the age of fourteen when she signed the will in 1987, having graduated from high school sixteen
years prior. Anzaldua testified that the other two witnesses were older than her.