**The ESTATE OF Lars Ingerman IVERSEN a/k/a Lars Ingermann Iversen, Deceased.**

.No. 2–04–080–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 28, 2004.

---

Cantey & Hanger, L.L.P., Allan How-eth, Evelyn R. Leopold, Fort Worth, for Appellants.

N. Alex Bickley, P.C., N. Alex Bickley, Ronald W. Atkins, Dallas, for Appellee.

PANEL B: HOLMAN, WALKER, and McCOY, JJ.

## OPINION

BOB McCOY, Justice.

### I. INTRODUCTION

Appellants Jorgen Nylund, Linda Ny-lund Klev, and Wendy Nylund ("Nylund") appeal from the probate court's judgment admitting to probate the purported will of Lars Ingerman Iversen a/k/a Lars Inger-mann Iversen ("Iversen") and appointing Anna E. Iversen Schoenwandt ("Schoen-wandt") as independent administratrix. In a single point, Nylund complains that the will is not competent under section 59(a) of

1. TEX. PROB.CODE ANN. § 59(a) (Vernon 2003).

the Texas Probate Code[1] ("the Code") to direct distribution of Iversen's property and to designate a legal representative of his estate. We will reverse and remand to the probate court.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Iversen was twice married. His first marriage ended in divorce in 1975, and likewise, the second marriage to Schoen-wandt ended in divorce in 1993. Thereaf-ter, Iversen remained unmarried until the time of his death on August 27, 2003 in Lewisville, Texas at the age of fifty-nine. The Nylund appellants are children of his first marriage. In a document dated April 2, 2000, which is the subject of this appeal, Iversen bequeathed all of his possessions to Schoenwandt as his sole beneficiary, giving her full power of attorney in all of his affairs. The one-page typed document contains Iversen's signature, which is nota-rized. The purported will was admitted to probate in the Denton County Probate Court, and Schoenwandt was appointed in-dependent administratrix. Nylund subse-quently filed an Opposition to Probate Will and to Issuance of Letters Testamentary and Petition for a Determination of Heir-ship, asserting that the purported will is not valid due to the lack of two attesting witnesses as required by the Code and that the decedent's property should there-fore pass intestate. Nylund further as-serted that Schoenwandt is not a proper person to serve in the capacity as indepen-dent administratrix.

It is undisputed that the purported will does not contain the signatures of two attesting witnesses. Nevertheless, affida-vits of Schoenwandt's stepdaughter Cath-erine Tincher and daughter-in-law Melody Schoenwandt were admitted, wherein they testified that they saw Iversen sign the

will and that he declared his property should pass to Schoenwandt. The probate court found that the affidavit testimony reflected Iversen's testamentary intent and constituted "substantial compliance" with section 59(a) of the Code, *id*, ordered the will admitted to probate, and appointed Schoenwandt as independent administratrix. This appeal followed.

### III. LEGAL ANALYSIS

The requirements of section 59(a) of the Code are straight-forward. Subsection (a) requires that a written, nonholographic will (1) be signed by the testator in person or by another person for him at his direction and in his presence, and (2) be attested by two or more credible witnesses above the age of fourteen "who shall subscribe their names thereto in their own handwriting in the presence of the testator." TEX. PROB.CODE ANN. § 59(a). While a notary has been held to account for one attesting witness, *see Reagan v. Bailey*, 626 S.W.2d 141, 142 (Tex.App.-Fort Worth 1981, writ ref'd n.r.e.), it is undisputed that the requirement of two attesting witnesses was not met in this case. The same section of the Code also allows the will to be self-proven; that is, the testimony of the attesting witnesses becomes unnecessary in the probate of the will if affidavits of the testator and the witnesses are made in "substantial compliance" with an affidavit form prescribed in section 59(b) of the Code. Subsection (b) reads as follows:

> An affidavit in *form* and content *substantially* as provided by Subsection (a) of this section is a "self-proving affidavit." A will with a self-proving affidavit subscribed and sworn to by the testator and witnesses attached or annexed to the will is a "self-proved will." *Substan-tial compliance* with the *form* of such affidavit shall suffice to cause the will to be self-proved. For this purpose, an affidavit that is subscribed and acknowledged by the testator and subscribed and sworn to by the witnesses would suffice as being in substantial compliance. A signature on a self-proving affidavit is considered a signature to the will if necessary to prove that the will was signed by the testator or witnesses, or both, but in that case, the will may not by considered a self-proved will.

TEX. PROB.CODE ANN. § 59(b) (emphasis supplied). Nowhere in this section, or any other, is there any mention of "substantial compliance" with the attesting signature requirements of the will itself contained in section 59(a). Further, no self-proving affidavits were offered in this case.

None of the cases cited by Schoenwandt stand for the principle that "substantial compliance" is sufficient for the attesting witness requirement of a written nonholographic will not accompanied by a self-proving affidavit.

### IV. CONCLUSION

Therefore, we hold that the probate court erred in ruling that "substantial compliance" in the form of affidavit testimony is sufficient to satisfy the attesting witness requirements of section 59(a) of the Code.[2] We sustain Nylund's issue, reverse the probate court's judgment, and remand the case for proceedings consistent with this opinion.

---

**2.** Because Nylund's argument concerning the continuance of Schoenwandt as independent administratrix does not comply with Rule 38.1(h), it is not addressed in this opinion. TEX R.APP. P. 38.1(h).