COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-080-CV
  
  
  
THE 
ESTATE OF LARS INGERMAN
IVERSEN 
A/K/A LARS INGERMANN
IVERSEN, 
DECEASED
  
  
  
------------
 
FROM 
THE PROBATE COURT OF DENTON COUNTY
 
------------
 
OPINION
 
------------
I. Introduction
        Appellants 
Jorgen Nylund, Linda Nylund Klev, and Wendy Nylund (“Nylund”) appeal from 
the probate court’s judgment admitting to probate the purported will of Lars 
Ingerman Iversen a/k/a Lars Ingermann Iversen (“Iversen”) and appointing 
Anna E. Iversen Schoenwandt (“Schoenwandt”) as independent 
administratrix.  In a single point, Nylund complains that the will is not 
competent under section 59(a) of the Texas Probate Code[1] 
(“the Code”) to direct distribution of Iversen’s property and to designate 
a legal representative of his estate.  We will reverse and remand to the 
probate court.
II. Factual and 
Procedural Background
        Iversen 
was twice married. His first marriage ended in divorce in 1975, and likewise, 
the second marriage to Schoenwandt ended in divorce in 1993.  Thereafter, 
Iversen remained unmarried until the time of his death on August 27, 2003 in 
Lewisville, Texas at the age of fifty-nine.  The Nylund appellants are 
children of his first marriage. In a document dated April 2, 2000, which is the 
subject of this appeal, Iversen bequeathed all of his possessions to Schoenwandt 
as his sole beneficiary, giving her full power of attorney in all of his 
affairs.  The one-page typed document contains Iversen’s signature, which 
is notarized.  The purported will was admitted to probate in the Denton 
County Probate Court, and Schoenwandt was appointed independent 
administratrix.  Nylund subsequently filed an Opposition to Probate Will 
and to Issuance of Letters Testamentary and Petition for a Determination of 
Heirship, asserting that the purported will is not valid due to the lack of two 
attesting witnesses as required by the Code and that the decedent’s property 
should therefore pass intestate.  Nylund further asserted that Schoenwandt 
is not a proper person to serve in the capacity as independent administratrix.
        It 
is undisputed that the purported will does not contain the signatures of two 
attesting witnesses.  Nevertheless, affidavits of Schoenwandt’s 
stepdaughter Catherine Tincher and daughter-in-law Melody Schoenwandt were 
admitted, wherein they testified that they saw Iversen sign the will and that he 
declared his property should pass to Schoenwandt.  The probate court found 
that the affidavit testimony reflected Iversen’s testamentary intent and 
constituted “substantial compliance” with section 59(a) of the Code, id, 
ordered the will admitted to probate, and appointed Schoenwandt as independent 
administratrix.  This appeal followed.
III. Legal 
Analysis
        The 
requirements of section 59(a) of the Code are straight-forward. Subsection (a) 
requires that a written, nonholographic will (1) be signed by the testator in 
person or by another person for him at his direction and in his presence, and 
(2) be attested by two or more credible witnesses above the age of fourteen 
“who shall subscribe their names thereto in their own handwriting in the 
presence of the testator.”  Tex. 
Prob. Code Ann. § 59(a).  While a notary has been held to account 
for one attesting witness, see Reagan v. Bailey, 626 S.W.2d 141, 142 
(Tex. App.—Fort Worth 1981, writ ref’d n.r.e.), it is undisputed that the 
requirement of two attesting witnesses was not met in this case.  The same 
section of the Code also allows the will to be self-proven; that is, the 
testimony of the attesting witnesses becomes unnecessary in the probate of the 
will if affidavits of the testator and the witnesses are made in “substantial 
compliance” with an affidavit form prescribed in section 59(b) of the Code. 
Subsection (b) reads as follows:
  
An affidavit in form and content substantially as provided by 
Subsection (a) of this section is a “self-proving affidavit.”  A will 
with a self-proving affidavit subscribed and sworn to by the testator and 
witnesses attached or annexed to the will is a “self-proved will.”  Substantial 
compliance with the form of such affidavit shall suffice to cause the 
will to be self-proved.  For this purpose, an affidavit that is subscribed 
and acknowledged by the testator and subscribed and sworn to by the witnesses 
would suffice as being in substantial compliance.  A signature on a 
self-proving affidavit is considered a signature to the will if necessary to 
prove that the will was signed by the testator or witnesses, or both, but in 
that case, the will may not by considered a self-proved will.
 
Tex. Prob. Code Ann. § 59(b) (emphasis 
supplied).  Nowhere in this section, or any other, is there any mention of 
“substantial compliance” with the attesting signature requirements of the 
will itself contained in section 59(a). Further, no self-proving affidavits were 
offered in this case.
        None 
of the cases cited by Schoenwandt stand for the principle that “substantial 
compliance” is sufficient for the attesting witness requirement of a written 
nonholographic will not accompanied by a self-proving affidavit.
IV. Conclusion
        Therefore, 
we hold that the probate court erred in ruling that “substantial compliance” 
in the form of affidavit testimony is sufficient to satisfy the attesting 
witness requirements of section 59(a) of the Code.[2]  
We sustain Nylund’s issue, reverse the probate court’s judgment, and remand 
the case for proceedings consistent with this opinion.
    
     
                                                                  BOB 
MCCOY
                                                                  JUSTICE
   
   
PANEL 
B:   HOLMAN, WALKER, and MCCOY, JJ.
  
DELIVERED: 
October 28, 2004


NOTES
1.  
Tex. Prob. Code Ann. § 59(a) 
(Vernon 2003).
2.  
Because Nylund’s argument concerning the continuance of Schoenwandt as 
independent administratrix does not comply with Rule 38.1(h), it is not 
addressed in this opinion.  Tex. R. 
App. P. 38.1(h).