**Cynthia Day Stratton O'MALLEY, Joanna Lenore Stratton Roze, and C. Jairus Stratton, III, Appellants,**

v.

**Lee M. STRATTON, Appellee.**

No. 08–91–00363–CV.

Court of Appeals of Texas, El Paso.

April 29, 1992.

Rehearing Overruled June 3, 1992.

Grover S. Grimes, Jr., Jeffrey L. Rogers, Baker, Brown, Sharman & Parker, Houston, Steven C. Kiser, Lynch, Chappell & Alsup, Midland, for appellants.

Tom Scott, Bullock, Scott & Neisig, Dale Strauss, Bullock, Scott, Neisig & Owens, Midland, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

KOEHLER, Justice.

In a contest involving the construction of the provisions of a testamentary trust relating to ownership of accrued but undis-

tributed income on the date of the termination of the trust, the trial court granted partial summary judgment in favor of the trust income beneficiary. The parties representing the remainder interest in the trust estate bring this appeal contending that the court erred in its construction of the will as a matter of law. We affirm.

The last will and codicil of Cynthia L. Monroe was, following her death on October 3, 1976, admitted to probate by order of the district court of Shawnee County, Kansas, and admitted to ancillary probate in Ward County, Texas. The will created several trusts, including the one here in question which devised one-sixth of the residuary estate to the designated trustee, with all income from such trust for the use and benefit of the testatrix' sister, Lenore M. Stratton, for her life, and upon her death, for the use and benefit of Lee M. Stratton, the testatrix' nephew and Appellee herein, for his life, and upon his death, the remainder to be divided in equal shares between Cynthia Day Stratton, Joanna Lenore Stratton and Clifton Jairus Stratton, III, the testatrix' great-nieces and great-nephew and Appellants herein. The will was amended by codicil which essentially provided that the income trust for the Appellee was to continue until his death or until January 1, 1990, whichever occurred first.[1]

1. The relevant portions of the will are:

*THIRD:*

. . . . .

B. An undivided one-sixth (⅙th) interest in all my residuary estate shall vest in my Trustees, hereinafter named, to be held in trust, managed, administered, distributed and delivered by my Trustees for the use and benefit of the following persons: (1) all income therefrom for the use and benefit of my sister, LENORE M. STRATTON for her life, and upon her death, all income therefrom for the use and benefit of my nephew, LEE M. STRATTON for his life, and (2) all the remainder thereof (other than the aforesaid life estate interests in income to LENORE M. STRATTON and LEE M. STRATTON, successively) for the use and benefit of CYNTHIA DAY STRATTON, JOANNA LENORE STRATTON and CLIFTON JAIRUS STRATTON, III, my great-neices [sic] and great-nephew, respectively, in equal shares.

. . . . .

E. As used in this Will, "Trustees" means and includes both the Domiciliary Trustee hereinafter named and, the Texas Trustee hereinafter named. That is, such of my estate as is located in the State of Texas at the time of my death that is provided by this Will to be held in trust, shall be so held in trust and administered as provided by this Will by the Texas Trustee, and any other part of my estate provided by this Will to be held in trust by the Trustees shall be held by and administered by the Domiciliary Trustee. The two parts of my residuary estate (the Texas property held by the Texas Trustee, and the other property held by the Domiciliary Trustee) and the separate shares, divisions or trusts of each separate beneficiary in each of the aforesaid parts may be from time to time referred to herein collectively as my estate or the trust estate. Such references and all similar references herein, however, are for convenience only, as it is my intention and direction that the share or portion of my estate and of the trust estate held from time to time by each of the Trustees for the use and benefit of each separate beneficiary entitled to receive distributions of income or principal shall be a separate and distinct trust and shall be so held and so treated by the Trustees. . . .

. . . . .

*FIFTH:*

Each of the trusts created under the provisions of this Will shall be held by the Trustees for the use and benefit of the beneficiaries of such trusts, and, after paying therefrom or making provision for the payment therefrom of all reasonable and necessary expenses and charges incident to such trusts, including the compensation due and payable to the Trustees, as herein provided, the Trustees shall distribute and deliver the trust property according to the following terms and conditions.

A. The Trustees of the income trust for the use and benefit of LENORE M. STRATTON for her life, and the following income trust for the use and benefit of LEE M. STRATTON for his life, shall monthly pay over to or for such respective beneficiary, free of trust, all of the current net income actually received by the respective Trustees during the preceding month, and none of the provisions of [the] following paragraphs B, C and D shall be applicable to these income trusts.

The relevant portions of the codicil to this will are:

*FOURTH:*

A. Except as hereinafter expressly provided, each trust hereunder shall continue until January 1, 1990, whereupon the respective trusts shall terminate and the Trustees shall distribute, deliver and pay over, absolutely and free of trust hereunder, to the beneficiary thereof, all of the Trust Estate then held in trust hereunder.

B. Notwithstanding the provisions of paragraph A of this Article Fourth, the income trust provided in paragraph B of Article Third

Lenore M. Stratton disclaimed her rights in the trust in 1976 shortly after the death of the testatrix and Appellee succeeded his mother as the sole income beneficiary of the trust. A dispute subsequently arose between the parties as to whether the Appellee as income beneficiary or the Appellants as remaindermen were entitled to oil and gas royalty income which was earned or accrued before January 1, 1990 but was either paid or remained to be paid after January 1, 1990. Although Appellants and Appellee assert that the will, including the codicil, are unambiguous, they urge diametrically opposite interpretations of the will provisions relating to disposition of income which had accrued but was unpaid as of January 1, 1990. Specifically, Appellants insist that all accrued income not actually received before January 1, 1990 became or becomes part of the trust principal and must be turned over to them as the remaindermen. They rely primarily on language in paragraph Fourth B which relates to disposition of accrued, undistributed income in the event that the Appellee died prior to January 1, 1990: "[A]nd upon the termination thereof by reason of the death of LEE M. STRATTON prior to January 1, 1990, any undistributed income theretofore accruing shall thereupon become a part of the principal of the trust provided in said paragraph B for [the three Appellants], or upon January 1, 1990, the income trusts hereunder shall in all things terminate and all of the Trust Estate subject thereto shall be distributed, delivered and paid over, absolutely and free of trust hereunder, unto [the three Appellants]...." Appellants

also argue that the provision in paragraph Fifth A requiring the trustee to pay monthly to the beneficiary "all of the current net income actually received by the respective Trustees during the preceding month, ..." shows that income not actually received prior to January 1, 1990 was not to be paid to the income beneficiary.

Appellee, on the other hand, contends that the language of paragraph Fourth B, particularly when considered in context with other relevant trust provisions, requires a different treatment of the accrued, undistributed or unpaid income if the trust terminates on January 1, 1990, than would be the case if termination resulted from his death prior to that date.

■■■ Both parties agree that when construing an unambiguous will, the intention of the testator in the disposition of the estate is to be ascertained from the four corners of the instrument. *Floyd v. Floyd*, 813 S.W.2d 758, 761 (Tex.App.—El Paso 1991, writ denied). That intention is to be determined from the words actually used, not from extrinsic evidence of what the testator may have intended. *Id.* The reviewing court should give the words used their common and ordinary meanings. *White v. Taylor*, 155 Tex. 392, 286 S.W.2d 925 (1956). Effect should be given to every part of a will if the language used by the testator is reasonably susceptible to a harmonious construction. *Perfect Union Lodge No. 10, A.F. and A.M., of San Antonio v. Interfirst Bank of San Antonio, N.A.*, 748 S.W.2d 218, 220 (Tex.1988).

for the use and benefit of my sister, LENORE M. STRATTON, shall continue until the death of the said LENORE M. STRATTON or until January 1, 1990, whichever shall the earlier occur, and in the event of her death prior to January 1, 1990, the trust for her benefit shall terminate and any undistributed income which had accrued to such trust during her lifetime shall be treated as a part of the income received by the Trustees to be held, administered and distributed to the income trust for LEE M. STRATTON. The income trust hereunder for LEE M. STRATTON shall commence at the date of death of LENORE M. STRATTON, if prior to January 1, 1990, and shall continue until the death of LEE M. STRATTON or until January 1, 1990, which-

ever shall the earlier occur, and upon the termination thereof by reason of the death of LEE M. STRATTON prior to January 1, 1990, any undistributed income theretofore accruing shall thereupon become a part of the principal of the trust provided in said paragraph B for CYNTHIA DAY STRATTON, JOANNA LENORE STRATTON and CLIFTON JAIRUS STRATTON, III, or upon January 1, 1990, the income trusts hereunder shall in all things terminate and all of the Trust Estate subject thereto shall be distributed, delivered and paid over, absolutely and free of trust hereunder, unto CYNTHIA DAY STRATTON, JOANNA LENORE STRATTON and CLIFTON JAIRUS STRATTON, III, absolutely and in fee simple.

With the foregoing principles of will construction in mind, an examination of the relevant provisions of the will and codicil and the language used by the testatrix brings us to the conclusion that she intended for the income beneficiary, if she or he survived until January 1, 1990, to be paid all income which had accrued prior to that date even though it was either not received by the trustee until after December 31, 1989 or though received had not been distributed before January 1. A close look at the language of codicil paragraph Fourth B on which Appellants rely in support of their position indicates that the testatrix intended to differentiate between the situation where the trust terminated by the death of either income beneficiary and the situation where the trust terminated by passage of time. If similar results were intended by the testatrix regardless of which of the two terminations occurred, she logically and undoubtedly would have used the same language for disposition of accrued, undistributed income for both contingencies, or more simply, would have said, "and upon termination thereof by the occurrence of either event, any undistributed income, etc." Appellants' contention does not harmonize and give effect to the two separate clauses of the sentence dealing with termination of the income trust for the benefit of Appellee.

Appellants' argument that will paragraph Fifth A requiring the trustees to distribute monthly all of the current net income actually received by them during the preceding month "prohibits them from paying income which was not 'actually received ... during the preceding month'" is not persuasive. In our view, this provision sets out when, not what, income is payable to the income beneficiary. This provision was undoubtedly intended to prevent the trustees from accumulating income. Obviously, the trustees could not distribute income until it was actually received nor is it likely that the trustees would be able to determine what the current net income would be for a particular month until the following month.

Appellants further contend that if provisions of codicil paragraph Fourth B are construed to mean that the income beneficiary is entitled to receive all income which accrued prior to January 1, 1990, this would have the effect of extending the trust and the powers of the trustee indefinitely contrary to the provisions of that paragraph which require the termination of the trust and distribution of the trust estate upon the happening of either the death of Appellee or January 1, 1990. Appellants agree that this provision does not mean that the trustees on January 1, 1990 lost all power, but that they would have whatever reasonable time was required to wind up the trust in an orderly fashion. This would necessarily include whatever time it might take to gather and transfer the assets of the trust estate to the remaindermen as well as to collect any income which had accrued prior to January 1, 1990 and distribute it to the income beneficiary. In either event, it necessitates extending the powers of the trustees until they have carried out the duties imposed upon them by the trust provisions.

Finally we consider Appellants' contention that by a letter from the trial judge indicating his ruling, he "yielded to the temptation to 'climb into the brain' of the testatrix to ascertain the true meaning of the provisions in question[,]" and by so doing, he disregarded all of the will construction rules. Since the letter formed no part of the court's judgment, the assumption of Appellants that the judge disregarded the rules in arriving at his judgment is unwarranted. His speculation on what the testatrix really intended comes at the end of a three page letter after he had, by his analysis of the relevant trust provisions, concluded that the income beneficiary (Appellee) was entitled to summary judgment in his favor.

Appellants' point of error is overruled. Judgment of the trial court is affirmed.