Opinion issued January 9, 2003













In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00197-CV




JAMES VINCENT HURLEY, Appellant

V.

THE MOODY NATIONAL BANK OF GALVESTON, Appellee




On Appeal from the Probate Court
Galveston County, Texas
Trial Court Cause No. 64556




O P I N I O N
           Appellant, James Vincent Hurley (Hurley), appeals the trial court’s judgment
declaring that the trust contained in the will of Mathilde S. Hurley, Hurley’s mother, (the
trust) had not terminated and that Nathan Hilton (Nathan) is entitled to income under the
standards specified in the trust. We affirm. 
BACKGROUND
           The Last Will and Testament of Mathilde S. Hurley bequeathed $50,000 to each of
her two children, Paulette Hurley Hilton (Hilton) and Hurley. The rest of her estate was
placed in an education trust for the benefit of her grandson, Nathan, Hilton’s son. The trust
provided, 
For so long as my grandson, NATHAN HILTON, shall be under the age
of thirty-five (35) years and shall not have “completed his education” (as that
phrase is defined hereafter in this Paragraph III) so much of the income of the
trust estate as shall, in trustee’s opinion, be necessary for the purpose of
providing the proper support, maintenance, education and welfare of my said
grandson, shall be paid over from time to time to or for the benefit of my said
grandson. 

The balance of the trust income was to be paid, on at least an annual basis, in equal shares
to Hilton and Hurley. The trust also provided, 
The principal purpose of this trust is to provide for the proper education
of my grandson and trustee is given absolute power to use its own best
judgment in the allocation of income among my beneficiaries. Trustee shall
have full and plenary powers and authority, within its own uncontrolled
discretion, to do any and all things deemed necessary and advisable for the best
interest of the trust and its beneficiaries, using income only for the
accomplishment of such trust purposes. 
 
For the purposes of this trust, NATHAN HILTON shall not be deemed
to have “completed his education” so long as he is under thirty-five (35) years
of age and shall be continuing his formal education at a recognized academic
college or university which meets the approval of trustee. 
 
When my grandson, NATHAN HILTON, shall have completed his
education as that term is defined herein, or when he reaches the age of thirty-five (35) years, whichever is sooner, or in the event of the death of my
grandson, NATHAN HILTON, then at that time, this trust shall terminate and
upon termination, the remaining principal and any undistributed income of the
trust shall be paid over in equal shares to my children, PAULETTE HURLEY
HILTON and JAMES VINCENT HURLEY, share and share alike. . . . 

                      . . . . 
 
In the discharge of any such trust, Trustee shall have full and complete
power to do all things and make all expenditures for the accomplishment of the
purposes of the trust as Trustee may see fit . . . .

The Moody National Bank of Galveston (the Bank) was named as independent executor of
the will and trustee of the trust. 
           Nathan was 13 years old when the will was executed in 1990 and was 18 years old
when Mathilde S. Hurley died in 1995. Nathan enrolled in college in the fall of 1996 and the
spring of 1997. However, he withdrew from his classes in the spring of 1997 and did not
enroll in any courses in the fall of 1997 or the spring of 1998. 
           In February 1997, Nathan called Roberta Dick, the Bank’s trust officer who handled
the trust, and told her that he did not want to continue his education and that she should
terminate the trust. In March 1997, Hurley called Dick to say that Nathan had told him that
he wanted the trust terminated. Hurley told Dick “that he did not want the Trust terminated
because his grandmother wanted Nathan to receive an education. And that’s the reason she
established the trust.” Dick testified that she took Nathan’s age into consideration and
exercised her discretion as trustee to treat Nathan’s declaration as a temporary expression of
his intent. 
           In February 1998, the Bank filed a petition for declaratory judgment, requesting the
trial court to construe and interpret the testamentary trust contained in the probated will of
Mathilde S. Hurley to determine whether the trust had terminated by its own terms and
whether the beneficiary, Nathan, was entitled to income under the standards specified in the
trust. The petition alleged that the three beneficiaries of the trust had requested that the trust
be terminated, but that the purpose of the trust would not be met if the beneficiaries’ request
was granted. 
           In the spring of 1998, Nathan informed the Bank that he wished to continue his
education. He moved to California in the summer and enrolled in Santa Monica Community
College in the fall of 1998. He continued to be enrolled at Santa Monica at the time of trial. 
           The case was tried to the court in February 2001. Evidence was presented regarding
Nathan’s irregular enrollment at colleges, his past drug use, his current college enrollment,
and his plans for his future education. Nathan testified that, at the time that he told Dick that
he did not want to continue his education, he was using drugs heavily and was starting to get
into cocaine and that his life was very difficult.


 He also testified that his mother was broke
and needed the money and that he felt pressure from his mother and his uncle to “get the
money going.” He said that he agreed with them, but was not thinking rationally. 
           The trial court rendered a judgment declaring that the trust had not terminated under
its terms and that Nathan continued to be entitled to income from the trust. The trial court
was not requested to make findings of fact and conclusions of law. Hurley brings this appeal
complaining that the trial court erred as a matter of law in concluding that the trust had not
terminated and challenging the factual sufficiency of the evidence to support the judgment. 
DISCUSSION
Rules of Construction
           The rules of construction of wills and trusts are well settled. The construction of a
will or a trust instrument is a question of law for the trial court. Nowlin v. Frost Nat’l Bank,
908 S.W.2d 283, 286 (Tex. App.—Houston [1st Dist.] 1995, no writ). A court must construe
both wills and trusts to ascertain the intent of the maker. Jewett v. Capital Nat’l Bank, 618
S.W.2d 109, 112 (Tex. Civ. App.—Waco 1981, writ ref’d n.r.e.). If the language of a trust
is unambiguous and expresses the intent of the settlor, it is unnecessary to construe the
instrument because it speaks for itself. Id. A court should determine the intention of the
testator from the language in the instrument. Rekdahl v. Long, 417 S.W.2d 387, 389 (Tex.
1967). A court should give effect to every part of the instrument if the language is
reasonably susceptible to a harmonious construction. O’Malley v. Stratton, 831 S.W.2d 35,
37 (Tex. App.—El Paso 1992, no writ). If the language conferring powers on a trustee
unambiguously expresses the settlor’s intent, neither the trustee nor a court can take those
powers away. Beaty v. Bales, 677 S.W.2d 750, 754 (Tex. App.—San Antonio 1984, writ
ref’d n.r.e.). 
 

Termination of the Trust
           In his first issue, Hurley contends that the trial court erred as a matter of law in
concluding that the trust had not terminated.


 Hurley argues that, when Nathan informed the
trustee that he did not want to continue his education, Nathan had “completed his education”
as that term is defined in the trust and, therefore, the trust terminated by its own terms in
February 1997. Hurley also argues that Nathan’s sporadic enrollment, as shown by the one
and one-half years following his declaration to the trustee in which he was not enrolled in a
recognized college or university, is further proof that Nathan had completed his education
as defined in the trust. 
           The Bank responds that the purpose of the trust, as stated therein, “is to provide for
the proper education of” Nathan. To that end, the Bank was granted broad discretion by the
trust, which used such language as “absolute power . . . in the allocation of income,” “full
and plenary powers and authority,” “uncontrolled discretion,” and “full and complete power
to do all things and make all expenditures for the accomplishment of the purposes of the trust
as Trustee may see fit.” 
           The Bank argued at trial and argues on appeal that the provision in the trust giving
Nathan until he is 35 years old to complete his education is an indication that the settlor did
not intend that Nathan be required to be enrolled in a college or university every semester
without break and that the one and one-half years in which he was not enrolled was merely
a break in his education, not the completion of his education. The Bank contends that
Hurley’s statement to Dick that he did not want the trust terminated was an admission by a
party opponent that the Bank correctly interpreted the trust. The Bank also argues that an
inflexible definition of “completed his education” is inconsistent with the intent of the settlor
and the broad discretion granted to the trustee.
           We agree. The purpose of the trust was to provide an education for Nathan, and the
trust allowed Nathan up to the age of 35 to complete his education. The will and trust
granted broad discretion to the Bank as both executor and trustee, using such terms as
“absolute power,” “uncontrolled discretion,” and “full and complete power,” limiting the
Bank’s power only to the use of trust income to accomplish the purpose of the trust. 
Considering the will and trust language as a whole, we hold that the terms of the trust are not
ambiguous. We further hold that the trial court did not err in determining that the trust did
not terminate by its own terms. 
           We overrule Hurley’s first issue. 
Factual Sufficiency to Support the Judgment
           In his second issue, Hurley asserts that the trial court “disregarded the great weight
and preponderance of the evidence in concluding that the Trust has not terminated.” 
Because Hurley does not argue his two issues separately, we are unable to discern with
certainty his specific factual-sufficiency argument. We construe Hurley’s argument to be
that, because Nathan was not continuously enrolled in a college or university every semester
after his graduation from high school, he was not continuing his education. 
           We have already determined that the language of the trust does not require Nathan to
obtain his education without breaks. Therefore, the fact that Nathan withdrew in one
semester and did not enroll for the following two semesters is not necessarily evidence that
he had completed his education. Thus, there is no evidence showing as a matter of law that
the trust had terminated, and Nathan is, therefore, entitled to income from the trust under the
standards specified in the trust. For the same reasons, we hold that the trial court’s ruling
was not against the great weight and preponderance of the evidence.
           We overrule Hurley’s second issue. 
CONCLUSION
           We affirm the judgment. 
 
                                                                             Sam Nuchia
                                                                             Justice
Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.