OPINION


No. 04-03-00898-CV


IN RE ESTATE OF MARIO DELGADO PEREZ, Deceased


From the County Court at Law No. One, Webb County, Texas

Trial Court No. 2001-PB7-000013-L-2

Honorable Alvino "Ben" Morales, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: December 15, 2004


REVERSED AND REMANDED



 In this appeal, we must determine whether a will admitted to probate in Texas was contingent
upon the death of the testator during heart surgery, or whether the heart surgery was merely the
inducement to the making of the will. Because we conclude the will was contingent upon the
testator's death during surgery and he did not die during surgery, the will is not subject to probate.
Accordingly, we reverse the trial court's judgment and remand.


BACKGROUND

 Appellants are the daughters of Dr. Mario Delgado Perez from his first marriage. Dr. Perez
died in Mexico on December 7, 2000 at his sister's home. Appellee is Dr. Perez's second wife. On
June 20, 2000, Dr. Perez executed a document in Mexico that purports to be his last will and
testament. Shortly after Dr. Perez's death, one of the appellants filed an application for the
administration of Dr. Perez's estate in Mexico, indicating that he died without a valid will. On
February 9, 2001, appellee filed an application to probate Dr. Perez's will in Texas in the Webb
County court. On February 26, 2001, appellee appeared before the Mexican court in the intestate
proceedings. Appellee filed a claim for payment of debts in those proceedings, and she ultimately
settled her interests in Mexico with the estate's administrator. Appellee did not produce the will in
the Mexican proceedings. On May 9, 2001, the Texas court admitted the will to probate. On June
7, 2001, appellants filed their contest in the Texas proceedings. On September 15, 2003, appellants
filed a motion for a partial traditional summary judgment and for a partial no-evidence summary
judgment, which the trial court denied, and this appeal ensued.

ANALYSIS

 Dr. Perez's will reads, in pertinent part, as follows:

To Whom It May Concern:


 I, Dr. Mario Delgado Perez, Mexican, married, over 21 years of age, and
neighbor of this city, make the following disposition:


 That during my life, I have acquired various properties in different sections in
this city and out of it; and because I am sick and waiting for a heart surgery, and
providing ahead of any emergency, I make the following disposition to be fulfilled
in case my death occurs during the surgery, hoping it will be fulfilled as it is my wish
by my heirs, my wife . . . [and] my children, . . . .


 I wish and dispose that the properties acquired by me be divided in the
following manner: [the will then makes nine bequests].

(Emphasis added). The certification attached to the will states, in pertinent part, as follows: "This
document is the will of Dr. Mario Delgado Perez, in which he expresses the way in which he wants
his wealth and properties to be divided and distributed in case of his death at the moment he
undergoes heart surgery." (Emphasis added). The certification is signed by Dr. Perez, a witness,
and a notary public.

 As their first grounds for summary judgment, appellants assert the effectiveness of Dr. Perez's
will was contingent upon his death during heart surgery. They contend that because there is no
evidence he died during surgery, and in fact he died later at his sister's home, the contingency never
occurred, rendering the will inoperative. Appellee counters that Dr. Perez's heart illness and the
impending surgery were merely the inducement to his making the will; therefore, the will is subject
to probate.

 A "contingent will" is a will that will take effect only upon the happening of a specified
contingency. Bagnall v. Bagnall, 148 Tex. 423, 225 S.W.2d 401, 402 (1949); Dougherty v.
Holscheider, 88 S.W. 1113, 1114 (Tex. Civ. App. 1905, writ dism'd). The operation of a contingent
will is defeated by the nonoccurrence of the contingency. Id. In determining whether a will is
contingent, courts must determine whether the happening of the contingency is a condition precedent
to the operation of the will, or whether the possibility of the contingency was only a statement of the
motive or inducement that led to the preparation and execution of the instrument. Bagnall, 225
S.W.2d at 402. "If the contingency mentioned is a condition precedent to the validity of the will, such
contingency must have taken place in order to entitle the will to probate; if the possibility mentioned
is only the inducement which prompted the making of the will, then such will is effective upon the
testator's death even though such event does not take place." Id. 

 For a will to be contingent, it must "reasonably appear that the testator affirmatively intended
the will not to take effect unless the given contingency did or did not happen, as the case might be."
Ferguson v. Ferguson, 121 Tex. 119, 45 S.W.2d 1096, 1097 (1931). The condition must be clearly
expressed by appropriate language or by necessary implication. Id. at 1099. The character of the
bequests may be examined to determine whether a contingent will was intended. Id. at 1098.

 Appellee relies on Ferguson for her argument that a will is not contingent upon a certain event
unless that contingency is stated in every paragraph of the will. Appellee asserts that because each
paragraph of Dr. Perez's will does not state a contingency, the will is ambiguous. We disagree with
appellee's interpretation of Ferguson. In that case, the Court stated the testatrix's intention must be
determined based the following two sentences: "I am going on a journey and I may never come back
alive so I make this Will, but I expect to make changes if I live. First, I want a Hospital built in
Haskell in memory of my husband Francis Marion to cost $50,000 (Fifty Thousand Dollars), if I live
I expect to have it done myself." Id. at 1096. The document then continued with other bequests.
The Court noted that the testatrix did not state in her will, "This Will is to be effective if I die on this
trip." Id. at 1097. Because the will contained no express provision that it was contingent upon the
testatrix's death during a journey, the Court determined the will was ambiguous. Id. at 1096-97. 

 Because the will was ambiguous, the Ferguson Court applied the following rules to discern
the testatrix's intention: (1) the fact that testatrix left a will implies that she did not intend to die
intestate; (2) a will is construed to be a general, and not a contingent, will, unless the intention to the
contrary clearly appears either expressly or by necessary implication from a reading of the language
of the will as a whole; (3) if the event mentioned in the will merely indicates the inducement which
caused the testatrix to make the will, and her intent to make it contingent is not apparent, the will is
entitled to probate as a general will; and (4) if the will is open to two constructions, that interpretation
will be given it which will prevent intestacy. Id. at 1097. After examining the will, the Court
determined the will "indicates that her main desire was to dispose of her property herself and not to
die intestate." Id. at 1098.

 The Ferguson case is clearly distinguishable. First, that Court determined the language in the
will was ambiguous, while we do not consider the language in Dr. Perez's will to be ambiguous.
Second, in Ferguson, there were "no express words expressing a condition in Mrs. Morton's will
such as: 'If I die on this trip,' 'If anything happens,' or the like." Id. at 1099. Here, Dr. Perez's will
states that disposition of his property "be fulfilled in case [his] death occurs during the surgery." The
certification emphasizes this contingency with the statement that his "wealth and properties . . . be
divided and distributed in case of his death at the moment he undergoes heart surgery." 

 In Bagnall, which was decided by the Supreme Court after Ferguson, the Court held that the
use of the word "if" expressed a condition: "The use of this word implies a condition; it means
'provided' or 'in case that.'" 225 S.W.2d at 402. (1) The Dougherty court noted that "most of the
cases holding wills dependent on the happening of the condition named, the words "if I never get
back," referring to a certain journey, or "should anything happen to me," referring to a particular time
or event, were used." 88 S.W. at 1115. Similarly, in Dr. Perez's will and certification, he twice uses
the phrase "in case" when referring to the disposition of his property. This language unambiguously
indicates Dr. Perez's intention that his will was contingent upon his death during the impending heart
surgery. This contingency did not occur; therefore, the will never became effective. 

CONCLUSION

 Because we conclude Dr. Perez's contingent will is not subject to probate, we need not
address appellants' remaining issues on appeal. See Tex .R. App. P. 47.1. We reverse the trial court's
judgment and remand the case for further proceedings.


 Sandee Bryan Marion, Justice
1. In Bagnall, the will stated, "Remember me W. W. Bagnall by this. If any thing happens to me. While gone.
All my belongings and estate goes to James B. Bagnall Brother of mine." 225 S.W.2d at 401.