

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00051-CV

IN RE: THE ESTATE OF
JESSIE GLEN CRAWFORD, DECEASED

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CV03295

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

About six months after Jessie Glen Crawford's death as a single man June 19, 2013, an application for administration of his estate was filed in Red River County by his sole child and daughter, Renea Lopez. Lopez' application noted that although Crawford had attempted to make a will, the purported will was "void, non-enforceable, and/or illegal." The trial court granted Lopez' application, awarding her letters of dependent administration. A week after Lopez' appointment, the decedent's brother, Roy Crawford, filed an application to probate Jessie's purported last will and testament and for the issuance of letters testamentary. The purported will was dated June 4, 1996, and named Roy as independent executor. This application was opposed by Lopez.

Lopez' challenge to her father's purported will centered upon the solemnities surrounding its execution and whether its execution comported with the requirements of the Probate Code. Roy presented the purported will as being self-proved. There were two hearings on Roy's application. During the first hearing, the trial court recognized that the signature blocks and the affidavit that was required failed to conform to the format and requirements of a self-proved will as set out in Section 59 of the Texas Probate Code.[1] The matter was recessed, with the trial court suggesting that the proponent of the alleged will of the decedent be proved up in some way other than as an attempt to submit it as a self-proved will.

---

[1]Beginning in 2009 and finally concluding effective January 1, 2014, the Texas Legislature, as part of its topic-by-topic statutory revision program, repealed the Texas Probate Code and re-codified its provisions in the Texas Estates Code. The new codification is "without substantive change," and its purpose is to make the law "more accessible and understandable." *See* TEX. ESTATES CODE ANN. § 21.001 (West 2014). Because the governing law at the time of the occurrences mentioned here and at the time of trial was prior to the repeal and recodification of the Texas Probate Code, we cite the provisions of the Texas Probate Code and include, at the conclusion of this opinion, a Table of Citations which provides the session law citations for the repealed Probate Code sections as well as a cross-reference to the re-codified Estates Code citations.

The will is not holographic. If a will is not holographic, two or more credible witnesses above the age of fourteen must sign the will in the presence of the testator. TEX. PROB. CODE ANN. §§ 59(a), 60; *Jones v. Whiteley*, 533 S.W.2d 881, 883 (Tex. Civ. App.—Fort Worth 1976, writ ref'd n.r.e.). "Credible witness" as used in the Probate Code means "competent witness." *Triestman v. Kilgore*, 838 S.W.2d 547 (Tex. 1992). "A witness to a will serves to prove the will was executed with the formalities and solemnities and under the circumstances required to make the will valid." *In re Estate of Fuselier*, 346 S.W.3d 1, 2 (Tex. App.—Texarkana 2009, no pet.); s*ee* TEX. PROB. CODE ANN. § 84(b). In the absence of a valid self-proving affidavit, in almost all circumstances, the requisite to proving up the validity of a will requires the sworn testimony or affidavit of (depending on the situation) one or more of the subscribing witnesses. TEX. PROB. CODE ANN. § 84(b)(1); *In re Estate of Teal*, 135 S.W.3d 87, 90 (Tex. App.—Corpus Christi 2002, no pet.).

At both hearings, Roy testified that although he knew both of the witnesses and the notary public whose name is included in the document presented for probate as the last will of the decedent, he had no knowledge of the preparation of the purported will and was not present when it was signed. However, neither the signatory witnesses nor the notary public, who signed the purported will, were called as witnesses at the hearing, and Roy presented no other facts to prove up the document as the last will and testament of the decedent. Even so, the trial court ordered the document admitted to probate as the decedent's last will, based on Roy's testimony. Lopez appeals.

The language of the purported will (which includes the attempt at incorporating an affidavit to establish it as a self-proving will) is our starting point.  The pertinent part of that purported will states as follows:

I, Jessie Glen Crawford, the testator, sign my name to this Will this  4th  day of June, 1996.

I declare that this is my Will; and that I sign willingly and voluntarily.

I declare that I am of the age of majority or otherwise legally empowered to make a will.

Jessie Glen Crawford
(signature)

We, the witnesses, sign our name to this Will on the date written below, and declare that the testator willingly signed and executed this [W]ill.

Each of us, in the presence of the testator, and in the presence of each other, subscribe our names as witnesses.

To the best of our knowledge the testator is of the age of majority and otherwise legally empowered to make a Will, and of sound mind.  We have no knowledge indicating this Will was procured by fraud or undue influence.

We declare under penalty of perjury, that the foregoing is true and correct, this 4th day of June, 1996.

Witness 1      Charlotte Williams     Residing at Rt. 2, Box 852
               Paris, Texas 75462

Witness 2      Wayne Williams         Residing at Rt. 2, Box 852
               Paris, Texas, 75462

Witness 3      Lea[   ] Erwin         Residing at  Rt. 2, Box 880
               Paris, Texas  75462

Commission expires 12-1-98
Alva Morrow
Notary

4

Although the quoted affidavit bears many of the characteristics prescribed for a proper self-proving affidavit of a will to contain, it fails in many other respects. As written, the notary's signature signifies nothing in particular. Although the document presented by the advocate of the will for proof of its proper execution somewhat resembles the usual self-proving affidavit, it recites only that the witnesses signed the document under penalty of perjury; it does not aver that either witness was sworn (either in the notary's presence or otherwise). Further, the document omits any affirmation by the notary that the testator or the witnesses were known to the notary. Although the witnesses declared that they believed the testator was over the age of majority, they did not declare that they knew him and do not affirm that either of the witnesses was then fourteen years of age or older (this statement of the age of the witnesses being among those that are specifically set forth in the statutory form to be contained). The purported testator states in writing that the document was his last will, signed willingly and voluntarily, and the witnesses seem to confirm this by stating that they did not know of any undue influence being applied against him. In short, although there are some characteristics in the affidavit that resemble those prescribed by the Probate Code to establish a will as a self-proving one, there are also glaring absences. *Compare Bank One, Tex. v. Ikard*, 885 S.W.2d 183, 187 (Tex. App.—Austin 1994, writ denied) (holding that omission of single phrase did not make self-proving affidavit invalid because it was in substantial compliance with statutory form).

This document has the air of something someone attempted to recite from a distant memory. Some of the language contains relevant information, but although it says that the statements were made under penalty of perjury, it does not state that it was sworn under oath. It

5

does not suffice even as an affidavit, and certainly not one substantially in the form provided by the Probate Code to qualify as a self-proving affidavit of a will.

Although the signatures of the witnesses would have been sufficient to validate the will, *See* TEX. PROB. CODE ANN. § 59(a), the form is not sufficient to act as a self-proving affidavit. *See* TEX. PROB. CODE ANN. § 59(a), (b). There does not seem to be any explanation provided for the absence of testimony from the witnesses to the will.

Lopez argues that the evidence as provided is legally insufficient to admit the will to probate. A no-evidence or legal sufficiency review must credit favorable evidence if a reasonable fact-finder could and disregard contrary evidence unless the fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003) (per curiam). "If more than a scintilla of evidence supports the finding, the no-evidence challenge fails." *In re Estate of Jones*, 197 S.W.3d 894, 899 (Tex. App.—Beaumont 2006, pet. denied) (citing *Canchola*, 121 S.W.3d at 739).

There was no request made for findings of fact and no such findings were entered. The order admitting the will to probate sets out the factual bases for the ruling in detail, but is at most informative rather than controlling. Without findings of fact and conclusions of law, we infer that the court found all fact questions in favor of the judgment and are required to affirm that judgment on any legal theory supported by the pleadings and evidence. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987) (per curiam); *Serrano v. Union Planters Bank, N.A.*, 162 S.W.3d 576, 580 (Tex. App.—El Paso 2004, pet. denied).

The question, then, is whether the evidence is sufficient to support the trial court's determination that the proponent of the purported will presented sufficient evidence to prove it

up as the last will and testament of the decedent.  TEX. PROB. CODE ANN. § 88(b).  The statute

specifies that a will may be proved up in a variety of ways.  If the will is not a self-proved one, it

can be properly proven

>(1)    By the sworn testimony or affidavit of one or more of the subscribing witnesses thereto, taken in open court.

>(2)    If all the witnesses are non-residents of the county, or those who are residents are unable to attend court, by the sworn testimony of any one or more of them by deposition . . . if no opposition in writing to such will is filed . . . then by the sworn testimony or affidavit of two witnesses taken in open court, or by deposition in the manner provided herein, to the signature or the handwriting evidenced thereby of one or more of the attesting witnesses, or of the testator, if he signed the will; or, if it be shown under oath to the satisfaction of the court that, diligent search having been made, only one witness can be found who can make the required proof, then by the sworn testimony or affidavit of such one taken in open court, or by deposition in the manner provided herein, to such signatures or handwriting.

>(3)    If none of the witnesses is living, or if all of such witnesses are members of the armed forces of the United States of America or of any auxiliary thereof, or of the armed forces reserve of the United States of America or of any auxiliary thereof, or of the Maritime Service, and are beyond the jurisdiction of the court, by two witnesses to the handwriting of one or both of the subscribing witnesses thereto, or of the testator, if signed by him, and such proof may be either by sworn testimony or affidavit taken in open court, or by deposition, either written or oral, taken in the same manner and under the same rules as depositions taken in other civil actions; or, if it be shown under oath to the satisfaction of the court that, diligent search having been made, only one witness can be found who can make the required proof, then by the sworn testimony or affidavit of such one taken in open court, or by deposition in the manner provided herein, to such signatures or handwriting.

TEX. PROB. CODE ANN. § 84(b) (West Supp. 2014).

It is undisputed that the purported will does contain the signatures of two attesting

witnesses.  As it is not self-proving, the question becomes whether the party tendering the

purported will for probate has provided evidence which the trial court could have concluded was

adequate.

None of the three persons (the two witnesses and the notary public) whose signatures appear on the purported will with the decedent were called to testify. Roy, who acknowledged that he was not present when the purported will was signed and who indicated that he was unaware of its existence until a later time, was the sole sponsoring witness at trial. Roy did testify that he recognized the signature of the testator to be that of his brother. He testified that he knew the people who signed as witnesses and as the notary public. When asked directly if he had been unable to locate those people, his answer was, "As far as I know."

The operative statute provides several means to prove up a will. They all, however, require proof that non-appearing "witnesses are non-residents of the county," or if they are residents of the county, that they are "unable to attend court." TEX. PROB. CODE ANN. § 84(b). If one of those requirements is met, then the will may be proved up by deposition testimony of only one of them. TEX. PROB. CODE ANN. § 84(b)(2). Alternatively, if there is no written opposition to the will, then the scope broadens to include testimony identifying the handwriting of the witnesses or the testator. *Id.*

In this case, Roy presented no evidence to cross even the first hurdle. There is no evidence that the witnesses are non-residents of the county, or that they are dead, or that they were residents of the county but unable to attend court. There is no remaining theory to support the ruling of the trial court on this issue. The contention of error is sustained.

8

We reverse the order admitting the will to probate and remand to the trial court for further proceedings consistent with this opinion.


Bailey C. Moseley
Justice

Date Submitted:     December 1, 2014
Date Decided:       December 16, 2014

TABLE 1
**Table of Citations**
*In re: The Estate of Jessie Glen Crawford, Deceased*, 06-14-0051-CV

| PROBATE CODE | SESSIONS LAW CITATION | ESTATES CODE |
|---|---|---|
| TEX. PROB. CODE ANN. § 59 | Texas Probate Code, 54th Leg., R.S., ch. 55, § 1, sec. 59, 1955 Tex. Gen. Laws 88, 107, *amended by* Act of May 18, 1961, 57th Leg., R.S., ch. 412, § 1, 1961 Tex. Gen. Laws 936, *amended by* Act of May 22, 1969, 61st Leg., R.S., ch. 641, § 5, 1969 Tex. Gen. Laws 1922, 1923, *amended by* Act of May 5, 1971, 62d Leg., R.S., ch. 173, § 5, 1971 Tex. Gen. Laws 967, 974, *amended by* Act of May 24, 1991, 72d Leg., R.S., ch. 895, § 7, 1991 Tex. Gen. Laws 3062, 3064, *repealed by* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 10, 2009 Tex. Gen. Laws 1512, 1731 *amended by* Act of May 29, 2011, 82d Leg., R.S., ch. 1338, § 1.12, 2011 Tex. Sess. Law Serv. 3884, 3887. | TEX. ESTATES CODE ANN. §§ 251.051, 251.052, 251.101, 251.102, 251.103, 251.104, 251.1045, 251.105, 251.106 |
| TEX. PROB. CODE ANN. § 59(a) | | TEX. ESTATES CODE ANN. §§ 251.051, 251.052, 251.102, 251.103, 251.104 |
| TEX. PROB. CODE ANN. § 59(b) | | TEX. ESTATES CODE ANN. §§ 251.101, 251.104, 251.105 |
| TEX. PROB. CODE ANN. § 60 | Texas Probate Code, 54th Leg., R.S., ch. 55, § 1, sec. 60, 1955 Tex. Gen. Laws 88, 108, *amended by* Act of May 22, 1969, 61st Leg., R.S., ch. 641, § 6, 1969 Tex. Gen. Laws 1922, 1924, *repealed by* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 10, 2009 Tex. Gen. Laws 1512, 1731. | TEX. ESTATES CODE ANN. §§ 251.102, 251.107 |
| TEX. PROB. CODE ANN. § 84(b), (b)(1), (b)(2) | Texas Probate Code, 54th Leg., R.S., ch. 55, § 1, sec. 84, 1955 Tex. Gen. Laws 88, 116, *amended by* Act of May 27, 2003, 78th Leg., R.S., ch. 1060, § 11, 2003 Tex. Gen. Laws 3052, 3055, *repealed by* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 10, 2009 Tex. Gen. Laws 1512, 1731. | TEX. ESTATES CODE ANN. § 256.153 |
| TEX. PROB. CODE ANN. § 88(b) | Texas Probate Code, 54th Leg., R.S., ch. 55, § 1, sec. 88(b), 1955 Tex. Gen. Laws 88, 117, *amended by* Act of May 22, 1969, 61st Leg., R.S., ch. 641, § 8, 1969 Tex. Gen. Laws 1922, 1925, *repealed by* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 10, 2009 Tex. Gen. Laws 1512, 1731. | TEX. ESTATES CODE ANN. § 256.152 |