# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00066-CV

**Jacob Robert Allen and Karra Trichele Allen, Appellants**

**v.**

**Rickie Lee Allen, Appellee**

### FROM THE COUNTY COURT AT LAW OF BURNET COUNTY
### NO. P9661, HONORABLE W.R. SAVAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this appeal from a probate proceeding, Jacob Robert Allen and Karra Trichele Allen challenge the county court's summary judgment in favor of Rickie Lee Allen, contending that the will at issue is not an unfulfilled, conditional will or, at the very least, that there is a genuine issue of material fact because the will is ambiguous. We affirm the county court's judgment.

## BACKGROUND

Brian Dean Allen died in July 2013. At the time of his death, he did not have any children and was married to Karra Trichele Allen. Jacob Robert Allen is one of Karra's sons from a prior relationship.[1] In August 2013, Jacob filed an application to probate the will at issue. The will

---

[1] Because the parties have the same last name, we refer to them by their first names.

is handwritten, titled "Holographic Will," dated June 3, 2012, and purportedly signed by Brian, Karra, and one witness. The body of the will provides:

> In case of unexpected death, we, Brian Dean Allen and Karra Trichele Allen leave our estate & assets to be divided 50/50 between our children, Jacob Robert Allen and Hunter Cain Allen. If one sibling should survive and the other does not, the full 100% of our estate & assets will go to the surviving son. If all four of us were to be killed or decease at the same time, we would like to designate Krista Chantaye Patton & Kevin Lee Allen as executives of our last will & testimony [sic] w/ 50/50 agreeance of distribution of assets amongst family members, as they see fit.

Rickie Lee Allen, Brian's father, opposed probating the will and filed an application for independent administration in August 2013, asserting that his son died intestate.

Rickie thereafter filed a motion for summary judgment supported by affidavit, seeking for the county court to deny Jacob's application to probate the will. In his motion, Rickie argued that, even if the court were to conclude that the will was valid, it was a contingent will that was conditioned upon the death of both his son and Karra and that, because the condition did not occur, the will was not applicable and did not control the distribution of estate assets. In the affidavit, Rickie averred that "[i]n early June of 2012," Brian and Karra "boarded a plane for international travel bound for Jamaica along with Jacob Robert Allen and Hunter Cain Allen."

Jacob filed a response to Rickie's motion supported by an affidavit by Karra. Jacob argued that Brian intended for the will to be operable in the event of his death, whether Karra survived him and that, at a minimum, there was a question of fact precluding summary judgment. In her affidavit, Karra averred that it was Brian's intent "that in the event of either my death or Brian's death, our estate and assets would pass to [her sons]." She also averred that her mother

2

asked Brian if he wanted the will back "[a]fter we returned from our vacation" and that "he told her to keep it to make sure that the boys were always taken care of in case something happened to either of us."

After a hearing, the county court granted Rickie's motion for summary judgment. Karra thereafter filed a notice of appearance, an opposition to Rickie's application for independent administration, and a motion for rehearing from the summary judgment ruling, which motion was denied. This appeal followed.

## ANALYSIS

Appellants present one issue on appeal. They argue that the county court erred when it granted summary judgment because the will was not a conditional will and, at the very least, the will was ambiguous, creating a genuine issue of material fact.[2] They argue that the will is ambiguous because it could be interpreted as a joint will or a joint conditional will and that the county court should have interpreted the will as a joint will because Texas law favors an interpretation that avoids intestate succession. *See In re Estate of Perez*, 155 S.W.3d 599, 601 (Tex. App.—San Antonio 2004, no pet.) (in context of ambiguous will, citing rule applied in *Ferguson v. Ferguson*, 45 S.W.2d 1096, 1097 (Tex. 1931), that "the fact that testatrix left a will implies that she did not intend to die intestate").

---

[2] For purposes of this appeal, we use the terms "conditional will" and "contingent will" interchangeably. *See Bagnall v. Bagnall*, 225 S.W.2d 401, 401–02 (Tex. 1949) (referring to "contingent or conditional will").

3

We review a trial court's decision to grant summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). To prevail on a summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). When the trial court does not specify the grounds for granting the motion, we must uphold the judgment if any of the grounds asserted in the motion and preserved for appellate review are meritorious. *Knott*, 128 S.W.3d at 216.

The determination of whether a will is ambiguous is a question of law, which we review de novo. *See Harris v. Hines*, 137 S.W.3d 898, 903 (Tex. App.—Texarkana 2004, no pet.); *Hurley v. Moody Nat'l Bank of Galveston*, 98 S.W.3d 307, 310 (Tex. App.—Houston [1st Dist.] 2003, no pet.). "In construing a will, the court's focus is on the [testator]'s intent." *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000). "This intent must be ascertained from the language found within the four corners of the will," *see id*., and we "give effect to every part of the instrument if the language is reasonably susceptible to a harmonious construction." *Hurley*, 98 S.W.3d at 310. "The language of a will may clearly show the testator's intent—be it contingent, conditional, or otherwise—or it may express the testator's intent ambiguously." *In re Estate of Fuselier*, 346 S.W.3d 1, 3 (Tex. App.—Texarkana 2009, no pet.) (citing *Ferguson*, 45 S.W.2d at 1097). "If the will is unambiguous, a court should not go beyond specific terms in search of the [testator]'s intent." *See Lang*, 35 S.W.3d at 639 (noting that court "has long held that when there is no dispute about the meaning of words used in a will, extrinsic evidence will not be received to show that the [testator] intended something outside of the words used").

4

"A 'contingent will' is a will that will take effect only upon the happening of a specified contingency." *See Perez*, 155 S.W.3d at 601 (citing *Bagnall v. Bagnall*, 225 S.W.2d 401, 402 (Tex. 1949)). "The operation of a contingent will is defeated by the nonoccurrence of the contingency." *Id*. "If the contingency mentioned is a condition precedent to the validity of the will, such contingency must have taken place in order to entitle the will to probate; if the possibility mentioned is only the inducement which prompted the making of the will, then such will is effective upon the testator's death even though such event does not take place." *Bagnall*, 225 S.W.2d at 402. We also may consider "the character of the bequests in determining whether the testator intended a contingent will." *Fuselier*, 346 S.W.3d at 3 (citing *Ferguson*, 45 S.W.2d at 1098). Guided by these principles, we turn to our review of the will's language.

The first sentence of the will references "we" and "our" and provides for the disposition of "our estate & assets" upon the happening of a specified contingency—"[i]n case of unexpected death." The two remaining sentences then set out alternative bequests of their entire estate conditioned on the happening of other events: (i) the death of Brian and Karra and if one of Karra's sons "should survive and the other does not," and (ii) the death of Brian and Karra and "[i]f all four of us were to be killed or decease at the same time." Giving effect to the plain language of these sentences, they provide alternatives conditioned on the happening of specified events, all of which include the death of both Brian and Karra. *See Perez*, 155 S.W.3d at 601; *Hurley*, 98 S.W.3d at 310 (noting that "court should give effect to every part of the instrument if the language is reasonably susceptible to a harmonious construction").

5

We also note that the will does not address what happens in the event that one spouse dies and the other survives. Under appellants' preferred interpretation of the will, Karra presumably has forfeited her right to her portion of their estate because Brian died and she survived, but there is nothing in the will indicating that it was Brian's intent for her to do so. *See Burke v. Jackson*, 95 S.W.2d 1296, 1298–99 (Tex. 1936) (concluding that "language and circumstances clearly show the happening of something to both [spouses] to be the condition upon which the disposition of the property there made should become operative" and noting that no indication that wife intended during her husband's lifetime for him to be dispossessed of "the property which he and she had been accumulating together for thirty years" but "[o]nly in the event of his death as well as her own was this to happen"). We decline to interpret the will to read such a provision into it. *See Lang*, 35 S.W.3d at 639 (ascertaining intent from "language found within the four corners of the will").

To support their position that the will is not conditional or, at the very least, ambiguous, appellants cite *Fuselier*. We, however, find the facts in that case distinguishable. *See* 346 S.W.3d at 3–4. The purported will in that case was a joint will of spouses, and the body of the will provided:

> In the event of our deaths, [husband] and [wife]; parents of [their child], leave all our real property; bank accounts; stocks and personal items to [their child]. [The God parents] will manage our estate for [the child] until she is 18 years of age.

*See id.* The Texarkana Court of Appeals found the will ambiguous and concluded that the contestant of the will had not proven as a matter of law that the will was an unfulfilled, contingent will. *See id.* at 4. In contrast to the language of the will in *Fuselier*, the will here is limited to the

circumstance of "unexpected death" and expressly provides alternative bequests of the entire estate depending on whether Karra's sons also survived as follows: (i) "we, [Brian and Karra], leave our estate & assets to be divided 50/50 between our children, [Karra's sons]" if both sons survived, (ii) "the full 100% of our estate & assets will go to the surviving son" if only one son survived, and (iii) "distribution of assets amongst family members" if neither son survived. This language makes clear that the intent of Brian and Karra was to provide alternative bequests of their entire estate in the event that they both died simultaneously and unexpectedly, depending on whether Karra's sons were alive at the time.

Interpreting the plain language of the will, we conclude that its terms are unambiguously contingent on the "unexpected death" of both Brian and Karra. *See Lang*, 35 S.W.3d at 639.[3] Because the specified contingency did not happen, the will did not become operative and is not subject to probate. *See Bagnall*, 225 S.W.2d at 402. Thus, the county court did not err in granting summary judgment in favor of Rickie on this basis. *See Knott*, 128 S.W.3d at 216.

## CONCLUSION

For these reasons, we overrule appellants' issue and affirm the county court's judgment.

---

[3] Because we conclude that the will is not ambiguous, we do not consider the parties' evidence and arguments concerning the circumstances surrounding the creation of the will. *See San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000).

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   August 18, 2015