Forest **OSBORN**, Appellant,

v.

Louise Elwood **SINNETT**, Respondent.

No. KCD 26106.

Missouri Court of Appeals,
Kansas City District.

Dec. 3, 1973.

Kay & Quigley, Eldon, for appellant.

David A. Yarger, Woolsey & Yarger, Versailles, for respondent.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

PER CURIAM:

The trial court sustained the defendant's motion to dismiss with prejudice. Plaintiff has appealed.

■ The petition which the motion addressed was a suit to establish a will. The facts well pleaded are admitted by the motion for the purpose of determining the sufficiency of the petition. Higday v. Nickolaus et al., 469 S.W.2d 859, 864 (Mo. App.1971), Aluma Kraft Manufacturing Co. v. Elmer Fox & Co., 493 S.W.2d 378, 380 (Mo.App.1973).

Paraphrased in part, the petition alleged that the deceased, A. O. McKinley, had made two purported wills. The earlier purported will, dated in 1965, was admitted to probate. The later purported will, dated in 1968, was the document plaintiff sought to establish as the will of the decedent. The plaintiff would inherit under the 1968 will, the defendant under the 1965 will. The plaintiff's petition avers as to the 1968 will that the decedent:

" . . . made, published and executed his Last Will and Testament in writing signed by him as testator and attested by two competent witnesses who subscribed their names thereto at the request of the testator and in his presence, a copy of which said Will is annexed hereto and marked 'Exhibit A'."

To this petition defendant addressed a motion, the substance of which stated:

"(1) Plaintiff's 'Exhibit A', attached to Plaintiff's petition, which is relied upon by Plaintiff to effect the revocation of the Last Will and Testament of A. O. McKinley dated December 23, 1965, is not attested by two or more witnesses as required by Section 474.320 RSMo., and, therefore, same can not be the Last Will and Testament of A. O. McKinley, and can not act to revoke the

Last Will and Testament of A. O. McKinley dated December 23, 1965."

Exhibit "A" referred to in the pleading was a photocopy of the 1968 will. So far as is pertinent to the issues on this appeal, it bore a signature immediately following the dispositive portion "A. O. McKinley." There was, toward the left margin and below the first signature, a misspelling of the word witness, and below this two lines. The first such line bore a signature which is somewhat illegible on the photocopy but which purports to be the signature of a person with the surname Grimm. The second "witness" line is blank and below appears the following:

"Subscribed and sworn to befor [sic] me this 30 day of March 1968.
   NOTARY PUBLIC  Alta Mae McGinnis
   County of Morgan, Missouri
My commission expires 4/22/69."

As noted, the trial court sustained the motion to dismiss "with prejudice." It was thus apparent that the trial court sustained the motion on the theory that the 1968 purported will was invalid on the ground that the notary's signature could not be considered as a "witness" to the will. We note that respondent by his motion admitted the well pleaded fact that there were two witnesses to the document. Higday v. Nickolaus, supra. The parties, however, have chosen to brief and argue the case on the assumption that the trial court's ruling on the motion turned on an interpretation of "Exhibit A."

■ Respondent argues that the Exhibit attacked shows on its face that the Notary did not sign as a witness claiming that the presence of the jurat and the failure to use the witness line indicate that the Notary did not sign as a "witness." Respondent cites authority that a witness to a will must sign with *animo attestandi*. Baxter v. Bank of Belle, 340 Mo. 952, 959, 104 S. W.2d 265, 268 (1937). Appellant concedes that such intent is necessary but construes the respondent's position as one that as a matter of law a Notary may not "witness"

a will. It is clear that if the respondent were relying on such a position it could not be sustained. The case law and the secondary authorities are unanimous that a will "witnessed" in the official character of his office does not of itself invalidate an officer's signature as a "witness" to the will. Baxter v. Bank of Belle, supra, at 269 [3], Andrew C. Keely, et al. v. Joseph H. Moore, et al., 196 U.S. 38, 45, 25 S.Ct. 169, 49 L.Ed. 376 (1904), 94 C.J.S. Wills § 185, p. 1006, Section 191, p. 1028, Page. The Law of Wills, Section 19.149, p. 277. Atkinson on Wills 2nd Ed., Sec. 69, p. 331.

■ Thus stripped of artificiality, the real dispute here is whether the "Exhibit" presented to the trial court so clearly indicates a failure of an intent on the part of the Notary to act as a witness that the plaintiff's pleading of due execution fails. We do not so conclude. Viewed in its entirety, the "Exhibit" can only be viewed as ambiguous on the issue of intent. The Notary may have intended to sign as a witness and the appending of the jurat may have been on some mistaken notion of increasing the efficacy of the act of witnessing. On the other hand, he may not have had such intent to witness. That determination may not be made from the face of the document alone under the facts and circumstances of this appeal. We do not mean to hold that in no circumstances could a trial court conclude as a matter of law that such a document executed by a notary was not "witnessed" by him, but only that in these circumstances, there is no inescapable inference of an intent not to be a witness to the will.

■ Both parties to this appeal have cited and relied upon Baxter v. Bank of Belle, supra. Respondent views the Baxter case as asserting that the signatory must have the prerequisite intent to act as a witness and with that we agree. The holding of this case is that a lack of such intent need not be inferred from the addition of the form of jurat appearing here and the position of the signature in a separate

place and not upon the line prepared for a witness' signature. Such a holding is not in conflict with Baxter. As we view Baxter, it reaffirms the recognized rule of requiring the necessary intent to "witness" as a part of the proof of due execution. The issue in Baxter was the propriety of submitting the issue of such intent to the jury under conflicting evidence and on that issue the case holds that the issue of intent to sign as a witness was one of fact for the jury. The witness in Baxter had in markedly similar fashion to the instant case indicated his official character by appending a jurat with his signature. We, thus, conclude that the motion to dismiss was improvidently granted and the cause is reversed and remanded for trial on the issues presented by the petition.