In the Matter of the ESTATE OF Geraldine M. OVERT, Deceased.

Doris J. ALEXANDER, Administratrix, Appellant,

v.

Clayton A. OVERT, Appellee.

No. 68213.

Court of Appeals of Oklahoma, Division No. 4.

Jan. 17, 1989.

Ronald L. Wallace, Oklahoma City, for appellant.

Anita M. Moorman, Speck, Philbin, Fleig, Trudgeon & Lutz, Oklahoma City, for appellee.

BRIGHTMIRE, Vice Chief Judge.

The dispositional issue here is whether a statutorily void testamentary bequest to a subscribing witness can be validated by considering the notarizing signature of a notary public as being that of a third subscribing witness.

Based upon the notary public's testimony, the trial court found that the notary did not sign as a subscribing witness and, because there was but one valid subscribing witness other than the primary legatee under the will, held that such bequest was made void by 84 O.S.1981 § 143.

We answer the question in the affirmative and affirm the trial court's judgment.

I

A few months after divorcing her husband and receiving a substantial property division award, including one-half of her husband's retirement fund, the fifty-two-year-old Geraldine M. Overt, her sister Doris Alexander, and the latter's daughter-in-law, Brenda Watters, went to the Chapel of Flowers Funeral Home on March 2, 1981, to make arrangements for their post-mortem cremations. While there Geraldine Overt asked the funeral director, George Trammel, to prepare a will reflecting her wishes concerning the testamentary distribution of her estate. Trammel obliged by preparing a short handwritten document leaving everything including "½ of 20 years Retirement Fund Deposit in the Republic National Bank, Dallas, Texas, to Doris June Alexander." The will named Geraldine's son, Clayton A. Overt of Tenn Colony, Texas, as the contingent beneficiary of her estate should Doris precede the testatrix in death. The will was signed by Geraldine Overt. It shows on its face it was "witnessed" in the left margin by Doris J. Alexander and Brenda D. Watters. At the bottom was this statement: "Sworn Before me, this the 2nd day of March 1981 Notary. s/George R. Trammel." This was accompanied by a notary seal imprint.

Geraldine Overt died the following year on June 11, 1982. Doris Alexander offered said will for probate and sought letters of administration. Due notice was given and on August 10, 1982, the will was admitted for probate and Doris Alexander was granted the requested letters.

The estate remained open for several years waiting for Geraldine's former husband to become eligible to receive the retirement fund.

On September 3, 1986, the decedent's son made an entry of appearance in this case and objected to the distribution of the estate to Doris Alexander on the ground she was one of only two subscribing witnesses to the will and under the provisions of 84 O.S.1981 § 143, the bequest to her is void.

Doris Alexander, of course, resisted the son's objection on the ground he was actually attacking the validity of the will and because it had long since been admitted for probate, the objection came too late.

The matter was heard January 13, 1987. After rejecting Doris Alexander's jurisdictional challenge the trial court considered the evidence and found that George Trammel intended to and did notarize subject will; that he was not requested by the testatrix to be a subscribing witness; that he did not intend to act as and in fact was not a subscribing witness to Geraldine Overt's will; that Doris Alexander was the primary beneficiary under the will and because there was only one other valid subscribing witness to the will, the bequests, gifts, and devises to Doris June Alexander are void; and that the estate should be distributed to Clayton A. Overt as the residual beneficiary under the will. Judgment was entered accordingly.

Doris Alexander appeals contending that (1) the signature of Trammel should be considered as that of a subscribing witness, and (2) Overt's attack is aimed at invalidating the will and is untimely.

## II

We are of the opinion that the trial court's findings clearly accord with the weight of the evidence and support the judgment.

The formal requisites for executing a valid will are set out in 84 O.S.1981 § 55. Among other things it is required that there be "two *attesting witnesses*, each of whom must sign his name *as a witness* at the end of the will at the testator's request and in his presence." (Emphasis added.) There is no evidence that the testatrix requested Trammel to sign as an "attesting witness," he testified that he did not do so, and the will itself discloses on its face that he did not do so. Thus the findings of the trial court accord with the evidence.

In view of such findings the judgment was required by the provisions of 84 O.S. 1981 § 143. It specifies that all testamentary gifts to a subscribing witness are "void unless there are two other *competent subscribing witnesses* to the [will].…" (Emphasis added.) Since there was only one competent subscribing witness to the will besides Doris Alexander, the legal conclusion follows that the gift to Alexander is void.

## III

Alexander's further complaint—that Overt's attack is in reality an untimely challenge of the will's validity on the ground it was not duly executed—is also without merit.

The short answer to it is that Overt is not attacking the validity of the will or its execution under 58 O.S.1981 § 61, only the validity of the gifts it makes to Alexander. Such attack is timely.

## IV

The judgment appealed is therefore affirmed.

BACON and RAPP, JJ., concur.