IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of the Estate of:

BARBARA JOY BRADLEY
*Deceased.*

GAIL BUSSBERG,
*Petitioner/Appellant,*

*v.*

BILLY R. WALKER, et al.,
*Respondents/Appellees.*

No. 1 CA-CV 17-0088
FILED 4-24-2018

Appeal from the Superior Court in Mohave County
No. S8015PB201600080
The Honorable Richard D. Lambert, Judge

**REVERSED; REMANDED**

COUNSEL

Sippel Law Firm, PLLC, Kingman
By Mark A. Sippel
*Counsel for Petitioner/Appellant*

Garcia, Aguirre & Villarreal, PLC, Yuma
By Alicia Z. Aguirre, Jacqueline R. Luger
*Counsel for Respondent/Appellee Everson*

---

**OPINION**

Presiding Judge Diane M. Johnsen delivered the opinion of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

---

**J O H N S E N**, Judge:

¶1        Gail Bussberg appeals the superior court's judgment invalidating her stepmother's will under the two-witness requirement of Arizona Revised Statutes ("A.R.S.") section 14-2502(A)(3) (2018).[1] We hold that a notary public who acknowledges the testator's signature may qualify as a witness under the statute, and reverse and remand for further proceedings consistent with this opinion.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        The material facts are undisputed. Barbara Bradley, then 76 years old and suffering from terminal cancer, signed a will that disposed of her property upon her death to her boyfriend, Billy Walker, and her stepdaughters, Bussberg and Sandra Estrada. Walker and Tamara Adamovich, who is a notary public, were present in Bradley's home when Bradley signed the will. Before Bradley signed the will, Adamovich asked Walker to leave the room so that she could speak privately to Bradley. After Adamovich concluded that Bradley was competent and under no duress, Walker returned, and both Adamovich and Walker watched Bradley sign the will. Walker then signed the will, followed by Adamovich, who executed an acknowledgement and stamped it with her notary seal.

¶3        The signatures appear on the will as follows:

Barbara J. Bradley agrees to the conditions of the directives or wishes prior to her death.

_____/s/_____

---

[1]        Absent material revision after the relevant date, we cite a statute's current version.

Billy R. Walker agrees to the directives or wishes of Barbara J. Bradley.

_____/s/_____

Acknowledgment
State of Arizona
County of Mohave

On this day March 23, 2016 before me the undersigned Notary Public, personally appeared Barbara J. Bradley and Billy R. Walker known to me to be the individuals who executed the foregoing instrument and acknowledged the same to be his, her, their free act and deed.

My commission expires August 13, 2018

_____/s/_____          3-23-16
Notary Public        Tamara Adamovich

**¶4**        Bradley died two weeks later. When Bussberg petitioned to probate the will, Bradley's estranged son, Timothy Everson, objected, arguing neither Adamovich nor Walker was a valid witness under A.R.S. § 14-2502(A)(3). Everson claimed that he and Bradley's estranged daughter were Bradley's legal heirs.

**¶5**        At an evidentiary hearing, Everson conceded that Bradley had the necessary testamentary intent when she executed the will. Walker and Adamovich both testified they were present and watched Bradley sign the will before they signed it. Nevertheless, the superior court ruled the will invalid under § 14-2502(A)(3), reasoning it was not signed by two valid witnesses. According to the court, Adamovich was not a valid witness because she had signed "as a notary public," not as a witness; Walker did not qualify because he had signed to indicate he agreed to Bradley's directives, not "as a witness."

**¶6**        The superior court entered final judgment pursuant to Arizona Rule of Civil Procedure 54(b) invalidating the will, and Bussberg timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1), (9) (2018).

3

**DISCUSSION**

**¶7**        "Statutory interpretation is a question of law, which we review de novo." *In re Estate of Jung*, 210 Ariz. 202, 204, ¶ 11 (App. 2005). In interpreting a statute, we look first to its language. *Id.* at 204, ¶ 12. We "liberally construe[]" will statutes to promote various policies, including to "discover and make effective the intent of a decedent in distribution of his property," "simplify and clarify the law concerning the affairs of decedents," "promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to his successors," and "make uniform the law among the various jurisdictions." A.R.S. § 14-1102(A), (B)(1)-(3), (B)(5) (2018). "If the statutory language is unambiguous," however, "we must give effect to the language and do not use other rules of statutory construction." *Jung*, 210 Ariz. at 204, ¶ 12.

**¶8**        As applicable here, § 14-2502(A)(3) requires that a will be "[s]igned by at least two people, each of whom signed within a reasonable time after that person witnessed either the signing of the will . . . or the testator's acknowledgment of that signature or acknowledgment of the will." The plain language of this provision requires that (1) the will be signed by two people, other than the testator; (2) before signing, each of the two "witnessed" the testator signing the will or the testator's acknowledgment of his or her signature or the will; and (3) each of the two signed the will within a reasonable time after the testator signed or acknowledged his or her signature or the will.

**¶9**        Everson contends the statute also imposes a fourth requirement – that each of the witnesses must sign specifically "as a witness," rather than in some other role. Everson argues, and the superior court agreed, that although Adamovich signed the will, she cannot serve as a witness under § 14-2502(A)(3) because she signed as a notary public, not as a witness.[2]

**¶10**        The text of § 14-2502(A)(3) requires only that one who signs the will first have "witnessed" the testator signing or acknowledging the signature or the will. Everson cites no authority that the verb "witnessed" in the statute means anything other than to have observed or perceived the testator's signing or acknowledgment. *See* The American Heritage

---

2        Although Everson argued in the superior court that Walker did not qualify as one of the two required witnesses under the statute, at oral argument before this court, he conceded Walker qualified because he signed the will after watching Bradley sign it.

Dictionary of the English Language, 1990 (5th ed. 2011) (defining verb "witness" as "[t]o see or know by personal experience"); *Gonzalez v. Satrustegui*, 178 Ariz. 92, 98 (App. 1993) ("witnessed" in § 14-2502(A)(3) requires having "seen the testator sign or acknowledge the will" before signing), *superseded by statute on other grounds as recognized in Jung*, 210 Ariz. at 206, ¶ 22; *see also In re Estate of McGurrin*, 743 P.2d 994, 997 (Idaho App. 1987) (interpreting "witnessed" in similar statute to require only that person "observe[d] the testator sign").

¶11         In support of his contention that a notary cannot qualify under § 14-2502(A)(3), Everson points to A.R.S. § 14-2505(A) (2018), which states that "[a] person who is generally competent to be a witness may act as a witness to a will." He argues the legislature's use of the term "act as a witness" in that provision means that, to qualify under § 14-2502(A)(3), a witness to a will must sign or be designated to sign *as a witness* (and by implication, not as a notary). We disagree and instead construe § 14-2505(A) only as a broad allowance that one need not have any particular qualifications (unrelated to powers of observation or perception) to "witness" a will. *Cf.* Ariz. R. Evid. 601 ("Every person is competent to be a witness unless these rules or an applicable statute provides otherwise.").

¶12         Everson also cites the official comment to § 2-502 of the Uniform Probate Code, upon which § 14-2502(A)(3) is based. *See Jung*, 210 Ariz. at 206, ¶ 20. He argues that the comment, which states that "witnesses must sign as witnesses," shows that the drafters of the uniform act intended that witnesses must sign *in the capacity* of witnesses. *See* Unif. Probate Code § 2-502, cmt. a. We do not agree that the comment means that one who signs a will must be designated as a witness or the signature will be of no avail. The case the comment cites concerns a relative who printed her name in a line of the will identifying the executor – she did not *sign* the will in any capacity. *See Mossler v. Johnson*, 565 S.W.2d 952, 957 (Tex. Civ. App. 1978). Moreover, because the relative printed her name *before* the testator signed, her mark did not in any way signify that she had witnessed the testator's signing. *Id.* at 956; *see McGurrin*, 743 P.2d at 999 ("The official comment to section 2-502 . . . conveys, albeit rather awkwardly, the idea that witnessing is an active function, directed toward certain observable conduct of the testator").

¶13         Contrary to Everson's argument, a notary who properly acknowledges a will necessarily qualifies as a witness under the terms of § 14-2502(A)(3). An "acknowledgment" is "a notarial act in which a notary certifies that a signer, whose identity is proven by satisfactory evidence, appeared before the notary and acknowledged that the signer signed the

document."  A.R.S. § 41-311(1) (2018); *see* A.R.S. § 33-503 (2018) (person "taking an acknowledgment" must ascertain identity of the person and "certify that . . . [t]he person acknowledging appeared before him and acknowledged he executed the instrument").  Thus, as recited in the acknowledgment, when Adamovich signed the acknowledgment, she certified that Bradley (1) appeared before her and (2) acknowledged that she (Bradley) had signed the will.  By acknowledging the document as a notary, Adamovich thereby satisfied the second of the alternative ways in which a witness may qualify under § 14-2502(A)(3) (will must be signed by two persons who "*witnessed* either the signing of the will . . . or *the testator's acknowledgement of that signature* or acknowledgment of the will").

**¶14**        Adamovich's executed acknowledgment of the will, by itself, was sufficient to qualify her as a witness under the statute.  But at the hearing in the superior court, Adamovich also testified without contradiction that she saw Bradley sign the will before she herself signed the notarial acknowledgment.  Adamovich thereby also qualified as a witness under § 14-2502(A)(3) by signing after having "witnessed . . . the signing of the will" by the testator.

**¶15**        The additional acts not required by § 14-2502(A)(3) that Adamovich performed – stamping the document with an official seal and recording the notarial act in her log book – do not negate the fact that she satisfied the requirements of a witness under § 14-2502(A)(3).  In *State v. Solis*, 236 Ariz. 242, 245-46, ¶¶ 8-10 (App. 2014), we refused to invalidate a document because a notary had done more than the statute at issue required.  The statute there required a notary's acknowledgement, but the notary had performed a jurat instead.  *Id.* at 245-46, ¶¶ 8-9 (citing A.R.S. § 41–311(1), (5) (defining "acknowledgment" and "jurat")).  The court noted that a jurat is a notarial act that, like an acknowledgment, required the notary to certify that the signature on the document was genuine, and concluded that rejecting the jurat simply because it additionally required the signer to take an oath "would be absurd."  *Id.* at 245-46, ¶¶ 9-10.  Here, it is likewise irrelevant that in stamping the document with her seal, Adamovich took an additional step not required by § 14-2502(A)(3).

**¶16**        Everson nevertheless argues that *In re Estate of Muder*, 159 Ariz. 173 (1988), compels the conclusion that the will is invalid.  The document at issue in *Muder* had been signed by a notary who signed an acknowledgment and by a second person who signed below an attestation clause.  *See id.* at 177-78, ex. A.  Without mentioning the notary, the supreme court stated that "[i]t is apparent" that the document did not satisfy the two-witness requirement of § 14-2502(A)(3) "because only one witness signed."

159 Ariz. at 174-75. The court then proceeded to analyze at some length whether the document qualified as a valid holographic will, eventually upholding it as such. *Id.* at 175-76.

**¶17**    Given that the court upheld the will under another statute, *Muder*'s observation that the will was not signed by two valid witnesses under § 14-2502(A)(3) is non-binding dictum. *See Town of Chino Valley v. City of Prescott,* 131 Ariz. 78, 81 (1981) ("[A] court's statement on a question not necessarily involved in the case and, hence, . . . without force of adjudication . . . is not controlling as precedent.") (citations omitted); *cf. Gonzalez*, 178 Ariz. at 99, n.1 (recognizing that *Muder* did not settle whether a notary's signature can qualify as a witness signature under § 14-2502(A)(3)). Moreover, there is no suggestion that the *Muder* court considered whether a notary's signature could qualify as a witness signature. *See Creach v. Angulo*, 186 Ariz. 548, 552 (App. 1996) ("Dictum is not binding precedent because, *inter alia*, it is without the force of adjudication and the court may not have been fully advised on the question."), *aff'd*, 189 Ariz. 212, 214 (1997). The notary's signature, while apparent on the face of the will in *Muder*, is mentioned neither in the supreme court decision nor in the appellate decision it reversed. *See In re Estate of Muder*, 156 Ariz. 326, 327 (App. 1987) ("There is no evidence in the record, and apparently none was offered, that the witnesses who signed the document witnessed either decedent's signature or his acknowledgment thereof."), *vacated*, 159 Ariz. 173. Because the supreme court did not consider the issue presented here, and because the statement on which Everson relies was not necessary to the court's resolution of the case, the supreme court's statement in *Muder* does not control our resolution of this matter.

**¶18**    Everson also argues that other Arizona cases suggest that a notary serving as a notary cannot be a witness. But, like *Muder*, none of the cases he cites addresses the issue. *See Jung*, 210 Ariz. at 203, ¶ 1 (determining whether witness may sign after testator's death); *Gonzalez*, 178 Ariz. at 98 (witness ruled invalid because she "printed her name on the will substantially before she observed [testator] execute the will").

**¶19**    Given Everson's concession that Bradley's will expresses her testamentary intent, our conclusion that § 14-2502(A)(3) allows a notary to serve as a witness promotes that intent. *See* A.R.S. § 14-1102(B)(2) (a purpose of will statutes is "[t]o discover and make effective the intent of a decedent in distribution of his property"). Moreover, our decision also furthers the statutory goal of "mak[ing] uniform the law among the various jurisdictions." *See* A.R.S. § 14-1102(B)(5). Other jurisdictions are nearly

unanimous that a notary who acknowledges a will may serve as one of the witnesses required to validate a will. *See, e.g.*, *In re Estate of Alfaro*, 703 N.E.2d 620, 626 (Ill. App. 1998) ("[W]e see no reason why a notary cannot act [as a witness to a will] under the appropriate circumstances."); *Smith v. Neikirk*, 548 S.W.2d 156, 157, 158 (Ky. App. 1977) ("The fact that she signed as a notary is merely surplusage."); *Osborn v. Sinnett*, 503 S.W.2d 30, 31 (Mo. App. 1973) ("The case law and the secondary authorities are unanimous that a will 'witnessed' in the official character of his office does not of itself invalidate an officer's signature as a 'witness' to the will.") (citations omitted); *In re Friedman*, 6 P.3d 473, 474 (Nev. 2000); *In re Estate of Martinez*, 664 P.2d 1007, 1013, ¶¶ 21-23 (N.M. App. 1983); *In re Will of Priddy*, 614 S.E.2d 454, 459 (N.C. App. 2005); *In re Estate of Teal*, 135 S.W.3d 87, 91 (Tex. App. 2002); *In re Estate of Valcarce*, 301 P.3d 1031, 1038, ¶ 23 (Utah App. 2013); *In re Estate of Price*, 871 P.2d 1079, 1083 (Wash. App. 1994); *In re Estate of Zelikovitz*, 923 P.2d 740, 744 (Wyo. 1996). *But see In re Estate of Overt*, 768 P.2d 378, 380 (Okla. Civ. App. 1989) (statute required "two attesting witnesses, each of whom must sign his name as a witness at the end of the will at the testator's request and in his presence"; notary was not asked to sign as "an attesting witness" (emphasis omitted)).

¶20          In sum, the text of § 14-2502(A)(3) is unambiguous and controls here. Nothing in the statute prohibits a notary who otherwise qualifies from serving as one of the two required witnesses to a will. Adamovich testified she was present when Bradley signed the will and saw her sign it. As stated in the acknowledgment Adamovich performed, she also witnessed Bradley's acknowledgment of Bradley's own signature on the will. Under the statute, Adamovich therefore witnessed both "the signing of the will" and "the testator's acknowledgment of that signature." *See* A.R.S. § 14-2502(A)(3).

## CONCLUSION

**¶21** Adamovich qualified as one of the two required witnesses to a will under A.R.S. § 14-2502(A)(3), and Everson no longer disputes that the other witness who signed the will also satisfied the statute. Accordingly, we reverse the superior court's judgment invalidating the will and remand for further proceedings consistent with this opinion.



AMY M. WOOD • Clerk of the Court
FILED:  AA